162      17
19 SC  517

# Howarth et al., Appellants, *v.* Chester City Presbyterian Church.

*Mechanic's lien—Contractor—Subcontractor.*

A building contract provided that the final payment should be made "when the entire contract is completed and delivered to the said party of the second part with release of all liens and claims," and "the said party of the first part hereby agrees to deliver the said building all complete as aforesaid at the time above mentioned, free from the claims of mechanics and material men and all claims whatever." *Held*, that there was no agreement not to file liens, and that a lien filed by a subcontractor should be sustained.

Argued Feb. 6, 1894.   Appeal, No. 128, July T., 1893, by plaintiffs, Robert Howarth et al., trading as Robert Howarth & Son, subcontractors, from judgment of C. P. Delaware Co., Sept. T., 1889, No. 23, on verdict for defendants.   Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Sci. fa. sur mechanic's lien.   Before CLAYTON, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was binding instruction for defendant, quoting it.

*George B. Lindsay*, for appellants, cited: Evans v. Grogan, 153 Pa. 121; Nice v. Walker, 153 Pa. 123.

*W. B. Broomall*, for appellee, cited: Schroeder v. Galland, 134 Pa. 277; Murphy & Diebold v. Morton, 139 Pa. 345; Murphy v. Ellis, 153 Pa. 133; Creswell Iron Works v. O'Brien, 156 Pa. 172.

OPINION BY MR. JUSTICE FELL, May 23, 1894:
Wm. D. Smith entered into an agreement with the Chester City Presbyterian Church to erect a building.   The contract provided that the final payment should be made "when the entire contract is completed and delivered to the said party of the second part with release of all liens and claims," and "the

said party of the first part hereby agrees to deliver the said building all complete as aforesaid at the time above mentioned, free from the claims of mechanics and material men and all claims whatever."

The jury was instructed that under this contract the contractor could not maintain a lien, and that therefore the subcontractor could not.

The contract contains no express covenant against the filing of liens, and none arises by necessary implication. The agreement is in effect that the building shall be completed and delivered by the contractor free from all claims, and that a release of liens shall be furnished, and that until these things are done the final payment shall not be required.

There was no agreement not to file a lien, and no waiver of such a right; and the case comes directly within the decisions in Taylor v. Murphy, 148 Pa. 337; Evans v. Grogan, 153 Pa. 121; Nice v. Walker, 153 Pa. 123.

The judgment is reversed and a venire de novo awarded.