# The Chester City Presbyterian Church *v.* Philip Conlin, Appellant.

*Mechanic's lien—Liability of surety therefor.*

Where the execution of a contract upon which defendant was surety resulted necessarily in a new building which as such was the subject of a mechanic's lien, the fact that a mechanic's lien was filed and reduced to judgment, subjects the surety to liability to the owner therefor.

*Principal and surety—Payment of mechanic's claims prior to lien filed.*

As between the owner and the surety of the contractor, who is in default and without means to finish the building, the owner may, with the approval of the contractor, pay for the work and materials necessary to complete the contract without releasing the surety, although nothing is at that time due the contractor under the terms of the agreement. Such action is for the relief and protection of the surety and the owner is not bound to wait until such mechanics and material men have filed liens.

*Principal and surety—Statute of limitations.*

Where the surety's contract was direct and absolute and under seal, delay in bringing suit against the principal until the bar of the statute arose as against him, does not bar the right of action against the surety, who had the right to request plaintiff to proceed against the principal, and failing to do so he is not relieved from liability on his bond.

*Principal and surety—Surety's liability—Payment of lien on verdict not conclusive—Burden of proof.*

Payment by the owner and plaintiff to the surety of the contractor, under attachment execution, of a balance alleged to be due contractor, where judgment was not entered on the verdict is not conclusive between the parties as to a lien filed against the building, which claim was not raised as a defense in the garnishee proceedings; and for the same reason, where no judgment was entered, on the sci. fa. sur mechanic's lien, payment of the verdict, recovered by the claimant on the lien, is not conclusive, as against the surety and does not relieve the owner from the burden of establishing, by the evidence, that the claim was a valid existing lien, together with the amount thereof at the time it was paid by the owner, the plaintiff in the suit on the surety bond.

Argued Nov. 22, 1898.    Appeal, No. 19, Oct. T., 1898, by defendant, from judgment of C. P. Delaware Co., June T., 1896, No. 2, on verdict for plaintiff.    Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Reversed. Opinion by W. D. PORTER, J.

Assumpsit.    Before CLAYTON, P. J.

It appears from the record that this was an action of assumpsit to recover against a surety for the faithful performance of

a contract for the erection of an addition to the church building of the plaintiff.

The facts sufficiently appear in the opinion of the court.

At the trial the court declined the following points presented by defendant:

[1. As the defendant agreed to become liable as surety only for the construction of an addition to the old church building, the plaintiff cannot recover for payments made to Howarth & Sons or any of the other material men who had, under the evidence, no right of lien for the construction of the addition referred to, in the contract sued upon.] [1]

[10. Under the contract sued upon the material men did not have the right of lien at the time payments were made to them, and therefore as against the defendant all payments made to them by the plaintiff were voluntary payments with which the defendant is not chargeable, and your verdict should be for the defendant.] [7]

[11. The plaintiff cannot recover in this action for any claim which would not have been good against William D. Smith for whom the defendant was surety, and as their right of action against Smith arose when the alleged breach of contract occurred, and as this under the evidence was more than six years before the bringing of the present suit, the plaintiff's claim is barred by the statute of limitations, and the verdict should be for the defendant.] [8]

[12. If the case, No. 69, March term, 1890, was between the plaintiff in this case and the William D. Smith for whom defendant was surety, and the cause of action therein was the same contract now in suit, there can be no recovery in this case, for the reason that the court has already decided the same cause of action between the same parties, and the verdict should be for the defendant.] [9]

The court charged the jury in part as follows:

[Now, gentlemen, this is one of the turning points of the case. I shall instruct you as a matter of law that it was Mr. Conlin's duty, having received notice to come in and set up the defenses that he is now endeavoring to set up here, and as he did not appear after he received notice to defend he is bound by that verdict just as much as if he was a party, and it

now is too late to retry that issue; he has had his day in court and it is what the law calls "res adjudicata" judicially settled, and he cannot set up that defense here. That is one of the leading points in the case I so instruct you, and if I am wrong I will be set right hereafter and the defendant will be protected.] [12] . . . .

[If they were for work and material furnished to the building, by the subcontractor, they had liens and the church had the right to pay them.] [15] . . . .

[Any one looking at the plans and specifications and the agreement could understand that it was to be one church. Therefore, if Mr. Conlin knew when he signed the agreement that it was to be one church and the alterations and additions were to be made, he was bound to know that would make the new building as well as the old subject to liens.] [16]

Verdict and judgment for plaintiff for $632.78. Defendant appealed.

*Errors assigned* among others were (1, 7–9) in answers to defendant's first, tenth, eleventh and twelfth points, reciting points. (12, 15, 16) To portions of the judge's charge, reciting same. (17) In directing judgment to be entered in favor of plaintiff.

*O. B. Dickinson*, with him *George M. Booth*, for appellant.— The owner of a building cannot recover against the surety of the contractor for payments voluntarily made to material men unless the latter had a right of lien.

The plaintiffs here permitted their claim against the principal debtor to become barred by limitation. The appellant contends that they could not after that recover from the surety.

It is contended that as the present suit was not commenced until March 2, 1896, and as the first default in the contract not under seal for which Smith was liable occurred on June 11, 1889, and the second default on February 5, 1890, the date of the filing of the Howarth lien, the defendant is relieved by the statute of limitation. The statute began to run when the contractor failed to complete the work at the time specified: Rankin v. Woodworth, 3 P. & W. 48; Zacharias v. Zacharias, 23 Pa. 452.

*W. B. Broomall,* for appellees.—The church was compelled to pay the Howarth lien and was thereby subjected to a loss by reason of default on the part of the contractor, Smith, to pay the lien out of the contract moneys which he received from the church.

The appellant undertook to protect the church against the default of the contractor, Smith.

These two propositions were sustained by competent proof and unless they are successfully answered the inevitable conclusion follows that the judgment in favor of the church for the amount of the Howarth lien is unassailable.

The building contract designates the structure as a "new building."

The lien is filed against the "new building."

The provision of the Act of June 17, 1887, P. L. 413, as to prior notice is one for the benefit of the owner alone, and being for his benefit he may dispense with it.

The Howarth lien was vigorously contested and was only paid after the case had been decided by the Supreme Court. It is reported in 162 Pa. 17. After reversal by the Supreme Court, it was tried in the court below and previous to the trial notice was given by the appellee to the appellant to appear and defend the case. This he failed to do.

The notice by the appellee to the appellant to appear and defend the case and his failure to appear operate as an estoppel in pais against him and preclude him from resorting to a defense which he might and ought to have made at that time.

If an obligee in a bond obtain a judgment against the principal and suffer it to remain without revival until the lien on his land be lost and afterwards sue the surety on the same bond, the latter cannot avail himself of the negligence of the plaintiff as a defense: Mundorff v. Singer, 5 Watts, 172.

These claims were liens against the building which the surety had guaranteed should be removed.

At all events they were such claims as came within the purview of the contract which the surety had undertaken to protect the church against.

The verdict in the attachment execution is sustainable on other grounds than that the Howarth lien was in the controversy and we were entitled to show that it was not passed upon in that case: Tams v. Lewis, 42 Pa. 402, 410.

OPINION BY W. D. PORTER, J., July 28, 1899 :

The defendant became surety for the faithful performance by William D. Smith, of a contract for the erection of an addition to the church building of the plaintiff. Smith became financially embarrassed after the building was partially completed and two payments had been made by plaintiff in accordance with the terms of the contract, and the plaintiff, upon becoming aware of that fact, subsequently paid out money upon the contract only for work and materials necessary to complete the building and actually entering into the construction, upon bills approved by and orders from the contractor. After the building was completed Howarth & Son, who had put on the roof, filed a mechanic's lien against the building, a scire facias was issued upon this lien and upon the trial the jury, under the instruction of the court, rendered a verdict in favor of the defendant, and judgment was entered upon that verdict. While the record of the mechanic's lien remained in this condition, Conlin, the surety of Smith and present defendant, having obtained judgment against Smith, issued an execution attachment upon said judgment and summoned the church, the plaintiff in the present action, as garnishee. An issue was framed under the attachment proceeding and upon the trial the jury rendered a verdict in favor of Conlin and against the church, as garnishee, in the sum of $275.07, which amount the church paid to Conlin and judgment was not entered upon the verdict. It is conceded that no evidence as to the lien of Howarth & Son was presented at the trial of the issue under the execution attachment, and the existence of that lien was not submitted to the consideration of the. jury. After the church had paid that money to Conlin, an appeal to the Supreme Court was taken by Howarth & Son from the judgment in their mechanic's lien, and said judgment was reversed: Howarth v. Church,.162 Pa. 17. A second trial upon the mechanic's lien, which Conlin had been duly notified to defend, resulted in a verdict in favor of the lien creditor and against the church, which verdict the church paid without the entry of judgment upon the verdict. One of the covenants for which Conlin became surety was that the building should be delivered free from all claims of mechanics and material men.

The church having paid the claim of Howarth & Son brought

this action to recover of Conlin, the surety of the contractor, the amount so paid. The plaintiff recovered a judgment in the court below and the defendant appealed. The first three specifications of error are based upon the assumption that the work provided for in the contract and specifications was not the construction of a new building under the law. There is no dispute as to the facts, the contract was executed according to its original terms so far as the external appearance of the building was concerned, the effect of the enlargement of the old church was to merge it into a new building, there was a newness of structure in the main mass of the building and an entire change of external appearance which denoted a different building from that which had formerly occupied a part of the same ground. The specifications contemplated that changes should be made in the old part of the building so as to make it available for use in the new structure, and such alterations were in fact completed, but there is no evidence which indicates that there was any variation from the original plans which in any way influenced the determination of the question, whether this was a new building or an addition to an old one. The execution of the contract, upon which defendant was surety resulted necessarily in a new building which, as such, was subject to mechanics' liens : Harman v. Cummings, 43 Pa. 322; Miller v. Hershey, 59 Pa. 64; Long v. McLanahan, 103 Pa. 537. The first, second and third specifications of error are without merit, and the seventh, tenth, eleventh, fifteenth and sixteenth assignments, which present the same question, must likewise fall.

The fourth, fifth and sixth specifications raise but one question. The court was requested to charge the jury that, if the plaintiff had paid money to mechanics and material men, at a time when no money was due to Smith under the terms of the contract, that act constituted such a variance from the contract as to relieve the surety. All the payments referred to were made directly to the parties for work and materials which actually went into the building and were necessary to the completion of the contract. The time for the completion of the building had passed and Smith was in default and without means to finish the work. The evidence shows that all of the parties to whom money was so paid had a right of lien against the building. In such a case the owner of the building is not

compelled to wait until a lien is filed, he may pay the claim, taking the chances, as against the surety, of his ability to establish that the claim had the right of lien. The course adopted by plaintiff, in this matter, protected the interest of the defendant and did not discharge him from his contract as surety. The fourth, fifth and sixth specifications of error are dismissed.

The eighth and thirteenth specifications relate to the ruling of the court, that the fact that the claim of the plaintiff against Smith, the contractor, had become barred by the statute of limitations, did not operate to discharge Conlin from his liability as surety. Smith's agreement was not under seal. Conlin's contract as surety was direct and absolute and was under seal. The evidence disclosed a case of mere delay upon the part of plaintiff to bring suit against Smith, the principal, until the bar of the statute arose against the claim. If Conlin, the surety, had desired to avoid this consequence of the delay, he had the right to request the plaintiff to proceed against Smith, and if the request had been accompanied by an explicit declaration that, if suit was not brought, he would consider himself discharged, a loss of the right of action against the principal resulting from further delay upon the part of plaintiff would have relieved the surety. But Conlin remained silent and it is now too late for him to interpose the delay of plaintiff as a defense: Stark v. Fuller, 42 Pa. 320; Shimer v. Jones, 47 Pa. 268; Campbell v. Sherman, 151 Pa. 70; Searight's Estate, 163 Pa. 210; Martin v. Frantz, 127 Pa. 389. The eighth and thirteenth specifications of error are dismissed.

The ninth assignment of error is founded upon the refusal of the court to charge that the verdict in the execution attachment, in which Conlin was plaintiff, Smith defendant, and the church was garnishee, was conclusive of the rights of the parties under the contract. Judgment was never entered upon the verdict and there was, therefore, no adjudication of the rights of the parties: Saylor v. Hicks et al., 36 Pa. 392; Hawks v. Truesdell, 99 Mass. 557; Schwan v. Kelly, 173 Pa. 65. The payment to Conlin of the amount of the verdict was of no more avail to conclude the parties than if it had been paid without suit. Conlin was in no manner prejudiced, as surety, by receiving this money from the church. It is conceded that in arriving at the balance, supposed to be due Smith, no

account was taken of the lien of Howarth & Son, the validity of which was not simply a question of law, but was dependent upon facts to be established by evidence. As the rights of the parties have never been adjudicated and the parties have never made a settlement which included the Howarth lien, the refusal of the court to charge as requested was free from error. The ninth specification of error is dismissed.

The same reasons which lead us to overrule the ninth must constrain us to sustain the twelfth specification of error. In the scire facias upon the mechanic's lien of Howarth & Son there was a verdict in favor of the plaintiff, but upon that verdict no judgment was entered, the church paid the amount of the verdict, and so the record stands. Here again there was no binding adjudication. It is the judgment of the court and not the verdict of the jury which concludes the parties. The court instructed the jury that the verdict was conclusive upon Conlin; in this there was error. No judgment having been entered in the scire facias, it was incumbent upon the plaintiff to establish by evidence that the claim of Howarth & Son was a valid existing lien, together with the amount thereof, at the time it was paid by the church.

The fourteenth specification of error complains of that part of the charge which referred to the alleged anticipation of a part of the payment which, under the terms of the contract, was to have been made when the roof was on the building. The specification embraces a single sentence, culled from the charge, and does not even include all the instruction which was the subject of the bill of exception upon which the specification is founded. The charge upon the point in question, taken as a whole, fairly submitted to the jury the question of fact, whether the roof was substantially completed at the time the payment was made. This specification of error is dismissed.

The seventeenth assignment of error is not worthy of consideration. No question of law was reserved; there is no motion in arrest of judgment printed in the paper-book, and the mere entry of judgment upon a verdict for a definite sum of money is not assignable for error.

The twelfth specification of error having been sustained, the case must go back for retrial.

Judgment reversed and venire facias de novo awarded.