[No. 13522.  Department Two.  January 26, 1917.]

JOHN T. GRAY, *Respondent*, v. KATE L. HICKEY, *as Executrix etc., Appellant*, DAN EVANS *et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS — PRESENTATION — EVIDENCE—SUFFICIENCY.  The evidence sustains a finding that a claim was duly presented to an executrix as required by Rem. Code, § 1479, where it appears that a claim duly verified was mailed to and received by the executrix.

MECHANICS' LIENS—WAIVER—CONTRACT.  A provision in a contract for cutting wood that the contractor shall pay all bills for labor, etc., and prevent any liens being filed against the wood, does not waive the contractor's right to file a lien for a balance due him, but is merely an agreement to prevent liens by others.

SAME—FORECLOSURE—PERSONAL JUDGMENT.  In an action to foreclose a contractor's lien for cutting wood, in which a portion of the claim is found to be lienable, the court has jurisdiction to render a personal judgment for the balance due on the contract.

TRIAL—JURY TRIAL—WAIVER.  A jury trial, before entry of a personal judgment in an action to foreclose a lien for cutting wood, is waived by failing to make objection below prior to entry of final judgment.

EXECUTORS AND ADMINISTRATORS—ACTIONS—FORECLOSURE OF LIEN—CONDITION PRECEDENT—CLAIMS.  No action can be maintained to foreclose a laborer's lien for cutting wood under a contract entered into with the deceased during his lifetime, whether the contract was performed wholly or in part after his death, where the claim was not presented to his executor or administrator for allowance or rejection.

EXECUTORS AND ADMINISTRATORS—ACTIONS—CONDITIONS PRECEDENT—CLAIMS—PARTIES INTERESTED—FORECLOSURE OF LIEN FOR BENEFIT OF LABORERS.  Where a contractor for cutting wood filed a claim against the executrix of the owner's estate for the whole sum due under the contract, including unpaid sums due to his laborers, and prosecuted an action assuming the attitude that the laborers were entitled to participate in the benefits thereof, his claim against the estate, although not sufficient to support independent actions by the laborers to foreclose their individual liens, is sufficient to support a personal judgment in favor of the contractor, in which the laborers may be allowed to participate by including the amount due them for their work, without costs of suit in their favor.

[1]Reported in 162 Pac. 564.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered January 29, 1916, upon findings in favor of the plaintiff, in an action to foreclose a logger's lien, tried to the court. Reversed.

*Guy E. Kelly* and *Thomas MacMahon,* for appellant.

*Wm. H. Pratt, Chas. Bedford, Hoppe & Hoppe,* and *H. G. Fitch,* for respondents.

PARKER, J.—This action was commenced by the plaintiff, John T. Gray, in the superior court for Pierce county, to recover a balance alleged to be due him from the defendant Kate L. Hickey, as executrix of the estate of M. J. Hickey, deceased, for cutting cordwood under a contract entered into by the plaintiff with M. J. Hickey during his lifetime. The plaintiff also sought foreclosure of a lien claimed by him upon the wood, and sale of the wood thereunder in satisfaction of the whole amount claimed by him. Dan Evans, Ernest Baker, Albert Pitts and R. F. Henry were made defendants because they had been employed by Gray to assist in cutting the wood and had filed liens upon the wood for the amounts claimed by them respectively. The trial resulted in findings and decree awarding foreclosure of liens, to Evans for $41.50, to Baker for $41.50, to Pitts for $33.15, to Henry for $22.95, and to Gray for $28.20. The court also awarded personal judgment in favor of Gray against the defendant Kate L. Hickey, as executrix, for $118.50, being the balance found due Gray under his contract after deducting the amounts due upon the lien claims of himself and the cross-complainants, Evans, Baker, Pitts and Henry. From this disposition of the case, the defendant Kate L. Hickey, as executrix, has appealed to this court.

On March 1, 1915, respondent, Gray, and M. J. Hickey entered into a written contract whereby Gray was to cut into cordwood the timber upon a certain forty-acre tract of land belonging to Hickey in Pierce county and pile the wood after being cut, upon the land. Gray was to receive there-

for one dollar per cord for the cutting and piling of the wood. On the 5th day of each month, payment was to be made to Gray for all wood cut and piled during the month next preceding. Very soon after the entering into this contract, M. J. Hickey died, and soon thereafter his wife, appellant Kate L. Hickey, became executrix of his estate. Gray commenced work under the contract about the time of the death of M. J. Hickey, soon after the time of the making of the contract. Payments were made to Gray by Mrs. Hickey, as executrix, acting through her son, at the end of each monthly period in accordance with the contract, up to and including the month of June, 1915, the last payment being made July 2. During the months of July, August and September, Gray proceeded with the work, employing Evans, Baker, Pitts and Henry to assist him, agreeing to pay them therefor so much per cord according as their work would be for sawing or splitting or both, but amounting to slightly less than the dollar per cord for the finished product which Gray himself was to receive under the terms of the contract. Gray not being paid for the work done by him and his employees after June, on October 28, 1915, filed in the office of the county auditor of Pierce county his notice of lien upon the wood for the whole balance due him under the terms of the contract. Evans, Baker, Pitts and Henry not being paid for the work done by them, filed in the office of the auditor of Pierce county their notice of liens upon the wood on August 12, August 18, October 28, and November 1, for the amount due each of them, respectively. All of these claims of lien were made under Rem. Code, § 1162 *et seq.*

Before the commencement of this action, Gray caused to be presented to Mrs. Hickey, as executrix of the estate, his duly verified claim for the whole balance due him under the terms of the contract, in form as required by the statute relating to presentation of claims against estates of deceased persons. This claim as asserted by Gray included all sums due from him to Evans, Baker, Pitts and Henry. He has

conceded at all times that they are entitled to be paid out of whatever was due him upon the contract, in effect conceding in this action that judgment be rendered in their favor upon their claims and to be deducted from the judgment to be rendered in his favor, and claiming in effect that his presentation of his claim to Mrs. Hickey, as executrix, was as much for their benefit as for himself. The personal judgment for $118.50 awarded Gray against Mrs. Hickey, as executrix, is the balance found due to him under the contract after deducting the amounts due to Evans, Baker, Pitts and Henry and the amount of $28.20 awarded to Gray as a lien claim. This limiting of Gray's lien claim to $28.20 was done by the court, evidently on the theory that, while more was due him under the contract, that was all due him for his own personal labor upon the wood and hence all he was entitled to claim a lien for. He has not appealed from the judgment, and hence we have no occasion to inquire whether the court erred to his prejudice in so limiting his lien claim. Neither Evans, Baker, Pitts nor Henry ever filed any claim with Mrs. Hickey as executrix.

It is contended in appellant's behalf that the evidence fails to show the filing of any claim by Gray with Mrs. Hickey, as executrix, and that, therefore, he is precluded from maintaining any action against her as executrix, either as a lien claimant or otherwise, because of the requirements of our statute relative to presentation of claims against the estates of deceased persons, and especially Rem. Code, § 1479, providing that:

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator."

This contention involves only a question of fact. We are quite convinced from a reading of the evidence that the claim was properly prepared and verified by Gray, caused to be mailed to Mrs. Hickey as executrix, and was received by her. We think this contention does not call for further notice.

We conclude that Gray's right of action is not impaired for want of proper presentation of his claim to Mrs. Hickey, as executrix.

It is contended that Gray waived his right to a lien for all sums to become due him under the contract, by the provision therein reading as follows:

"The party of the second part [Gray] agrees to do all of said work in a workmanlike manner and pay all bills for labor, groceries and all other expenses of carrying on said work and prevent any liens being filed against the said wood on account thereof."

We do not construe this provision of the contract as a waiver of Gray's lien right for the work to be performed by him. It, in any event, is not a clear waiver of such right. The rule seems to be that, when the terms of the contract are ambiguous in this respect, they should be construed most favorably to the person claiming the lien right. 27 Cyc. 263. This, we think, amounts to no more than an agreement to prevent liens of others being filed, and is not an agreement to refrain from filing a lien himself, should payment not be made to him according to the contract.

It is contended in appellant's behalf that the trial court erred in rendering personal judgment against Mrs. Hickey, as executrix, in favor of Gray. This contention apparently is rested upon the theory that, the action being originally one for the foreclosure of a lien and having in part failed in that respect, the rendering of a personal judgment for the balance of the claim is unwarranted, and that, in effect, she has been deprived of the right of trial by jury in so far as the personal judgment is concerned. It has been repeatedly held by this court that the rendering of a personal judgment under such circumstances, for a portion of the claim found not to be lienable, is proper and within the jurisdiction of the court in a foreclosure action, and that the defendant can in no event complain of the rendering of such a personal judgment where no objections thereto touching the right of

trial by jury was made until after its rendition. *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *Spaulding v. Burke,* 33 Wash. 679, 74 Pac. 829; *Pacific Iron & Steel Works v. Goerig,* 55 Wash. 149, 104 Pac. 151; *Dolan v. Cain,* 59 Wash. 259, 109 Pac. 1009; *Hallett v. Phillips,* 73 Wash. 457, 132 Pac. 51. In this case, it is apparent that there was ample time within which counsel for appellant, Mrs. Hickey, could have made objections upon this ground to the entering of a personal judgment, after the court announced its decision to do so and before the judgment was finally entered. No such objection was then made. This silence on the part of appellant's counsel, in any event, was a waiver of the right to jury trial upon that question.

We now come to a consideration of the rights of respondents Evans, Baker, Pitts and Henry. While we conclude that neither of them can be awarded foreclosure of his lien claim, we conclude that each of them is entitled to the benefit of a personal judgment, but without costs in their favor, against Mrs. Hickey, as executrix, in favor of Gray, because of the peculiar circumstances here shown which place them in the shoes of Gray. Neither of them can be awarded a foreclosure of their claimed liens, because neither of them ever filed with Mrs. Hickey, as executrix, any claim as required by the statute as a condition precedent to the maintaining of an action against estates of deceased persons. It is contended that these claimants were not required to so file their claims with the executrix because Gray had already filed his claim which included all sums due them as well as Gray. While this, we think, was sufficient to support a personal judgment in favor of Gray for the whole balance due to him under the contract, out of which he concedes Evans, Baker, Pitts and Henry would be entitled to be paid and in that manner participate in the benefit of such judgment, such filing of a claim of Gray with the executrix would not support an independent right of action on the part of Evans,

Baker, Pitts or Henry as is sought to be maintained by their cross-complaints, which would have the effect of rendering the executrix liable for costs incurred by them in so enforcing their claims. It has become thoroughly settled by our decisions that a lien claimant whose right grows out of a contract entered into with a person and arising after his decease, cannot be enforced in an action against the estate of the deceased without first filing with the administrator or executor a verified claim therefor as required by Rem. Code, § 1479, above quoted. This question was reviewed at some length in the light of our former decisions in *Crowe & Co. v. Adkinson Construction Co.*, 67 Wash. 420, 121 Pac. 841, Ann. Cas. 1913D 273, where Judge Gose, speaking for the court, said:

"We are unanimous upon the point that there can be no enforcement of an involuntary lien against the estate of a deceased person arising out of an executory contract entered into with the deceased in his lifetime, whether the contract has been performed wholly or in part after his death, where the claim has not been presented to his executor or administrator. To state the matter in another form, the presentation of the claim of lien to the executor or administrator of the estate for allowance or rejection must, in such cases, be both alleged and proven, or the lien cannot be allowed. This view is in harmony both with the statute and with the principles announced in our own decisions and those in other jurisdictions. The presentation of the claim is not only in aid of orderly procedure in the probate of the estate, but it enables the executor or administrator to investigate the claim and to allow it if deemed meritorious, without being vexed with expensive litigation and delay in the settlement of the estate. We are not here concerned with a claim arising out of a contract, express or implied, with the personal representatives of the deceased."

In *Ward v. Magaha*, 71 Wash. 679, 129 Pac. 395, we held that the presentation of the claim is a fact as essential to the cause of action as the existence of the claim. This

was again recognized to be the law in *Seattle Nat. Bank v. Dickinson*, 72 Wash. 403, 130 Pac. 372. It seems plain, therefore, that neither Evans, Baker, Pitts or Henry have any cause of action against Mrs. Hickey, as executrix, maintainable as a lien against this wood, nor have they any cause of action of any nature against Mrs. Hickey, as executrix, apart from their right to participate in the cause of action maintainable as a personal one by Gray against her as executrix.

It is apparent that the trial court was of the opinion, and correctly so, that the amounts awarded to Evans, Baker, Pitts and Henry should have been awarded to Gray in the personal judgment awarded to him, had they been regarded by the court as not entitled thereto. Manifestly Mrs. Hickey, as executrix, owed these amounts to Gray in addition to the sum awarded to him by the personal judgment. While we deny the lien claims of Evans, Baker, Pitts and Henry, in view of the fact that they stand in the shoes of Gray, and by his consent, evidenced by his attitude throughout this case, are entitled to participate in the total amount due him from Mrs. Hickey as executrix, we conclude that they are entitled to have judgment rendered for their benefit by including the total amount of their claims in the personal judgment rendered in favor of Gray against Mrs. Hickey, as executrix, and have embodied therein proper order and direction which will secure the payment to them out of the proceeds of such judgment their several claims. We conclude, however, that they are not entitled to costs in their favor against Mrs. Hickey, as executrix, since, as we hold, they are not entitled to maintain actions upon their claims against her as executrix apart from the action maintained by Gray, and entitled only to participate in such judgment as Gray is entitled to recover against Mrs. Hickey as executrix personally, and this only because of Gray's consent as evidenced by his attitude throughout his prosecution of this case.

In view of all the circumstances shown, we conclude that Mrs. Hickey, as executrix, should not recover costs in this court against either Evans, Baker, Pitts or Henry, nor they recover costs against her. Respondent Gray will, of course, recover his costs in this court.

Some other contentions are made in appellant's behalf as against respondent Gray, but we think they are without merit and do not call for discussion here. Other contentions made as against Evans, Baker, Pitts and Henry are disposed of in our holding that their lien claims as such have failed.

The cause is remanded to the superior court with directions to amend its personal judgment against Mrs. Hickey, as executrix, in favor of Gray by including therein the amounts due from him to Evans, Baker, Pitts and Henry, with proper order therein securing to them participation in the proceeds of that judgment. The judgment is reversed in so far as it awards foreclosure of the lien claims of Evans, Baker, Pitts and Henry.

MORRIS, MOUNT, HOLCOMB, and FULLERTON, JJ., concur.