## Advance Terra Cotta Company, Appellant, v. Michael B. Moran et al., Appellees.

### Gen. No. 22,834.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed June 11, 1917.

### Statement of the Case.

Bill for mechanic's lien by the Advance Terra Cotta Company, a corporation, complainant, against Michael B. Moran, Sarah E. Moran and Simon W. Straus, trustee, defendants. From a decree sustaining a demurrer to the bill and dismissing the bill, complainant appeals.

BUELL & ABBEY, for appellant.

MAURICE J. MORIARTY and NICHOLAS R. JONES, for appellees; MAURICE J. MORIARTY, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 136*—*when contract not construed as waiving right to lien for unpaid portion of price due contractor.* A provision in a contract to furnish certain terra cotta for buildings by which the contractor agreed "to complete same free and clear of any liens or encumbrances" cannot be construed as waiving any right to a lien for any unpaid portion of the contract price due the contractor.

2. MECHANICS' LIENS, § 62*—*who protected by provision in contract whereby contractor agrees to complete work clear of liens or incumbrances.* A provision in a contract to furnish terra cotta

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

work for buildings by which the contractor agrees "to complete same free and clear of any liens or encumbrances" is, in effect, limited to the liens of subcontractors and others claiming under the contractor, and in a measure a guarantee by him against subordinate liens.

3.  MECHANICS' LIENS, § 135*—*what is essential to waiver by contract of right to mechanic's lien.* To waive by contract the right to a mechanic's lien, there must be an express covenant or a covenant resulting by implication from the language used so plain that a mechanic can so understand without seeking professional interpretation as to its legal effect.