KOKOMO, FRANKFORT AND WESTERN TRACTION
COMPANY ET AL. *v.* KOKOMO TRUST
COMPANY, ADMINISTRATOR.

[No. 23,743.   Filed January 25, 1923.   Rehearing denied May 15,
1923.]

1.   MECHANICS' LIENS.—*Waiver.*—*By Contract.*—*Of Contractor.*
—A contractor may waive the right of himself and those
claiming under him to the lien given by statute where the
statute imposes no restriction on this right, and he does so by
expressly agreeing that no liens shall be filed, or by entering

Kokomo, etc., Traction Co. v. Kokomo Trust Co.—193 Ind. 219.

into an agreement which otherwise clearly shows by the language used that such was the intention of the parties, but, in the absence of evidence contained in the contract that it was clearly the intention to make such waiver, it will be presumed that the contractor has not disabled himself, or those claiming under him, from enforcing a lien for labor performed or material furnished, and when the terms of the contract are ambiguous on the question, the doubt must be solved against such waiver. (*Baldwin Locomotive Works* v. *Edward Hines Lumber Company* [1919] 189 Ind. 189, 13 A. L. R. 1059, distinguished). p. 226.

2. MECHANICS' LIENS.—*Waiver.*—*By Contract.*—*Of Contractor.*—A contract between the owner and contractor which stipulates that the work of construction should be done according to agreement, and that, on completion, it was "to be delivered to [the owner] free from all material, labor or other liens" is not such a clear and unambiguous agreement not to permit any liens to be acquired as will bar the enforcement of a lien by a subcontractor, (*Baldwin Locomotive Works* v. *Edward Hines Lumber Company* [1919] 189 Ind. 189, 13 A. L. R. 1059, distinguished. p. 227.

3. COSTS.—*Dismissal of Action.*—*Payment before Filing Another Action.*—*Discretion of Court.*—A motion to require the plaintiff to pay the costs adjudged against him on the dismissal of a former action is addressed to the sound discretion of the court, and its ruling thereon will only be reversed when it is made to appear that the court had abused its discretion in the matter. p. 227.

4. PARTNERSHIP.—*Death of Partner.*—*Surviving Partner Continues Action.*—*Death of Surviving Partner.*—On the death of a partner after the commencement of an action by two partners, such action is properly continued in the name of the surviving partner, and, on his death, his administrator should be substituted, on the filing of a supplemental complaint alleging that such surviving partner has died. p. 227.

5. MECHANICS' LIENS.—*Parties Plaintiff.*—*Death of Partner.*—*Surviving Partner.*—*Death of Surviving Partner.*—In an action to foreclose a mechanic's lien by two partners, on the death of one, the action is properly continued in the name of the surviving partner, and, on the death of the surviving partner, his administrator should be substituted, on the filing of a supplemental complaint alleging that such surviving partner has died. p. 227.

6. APPEAL.—*Review.*—*Admission and Exclusion of Evidence.*—*Briefs.*—Objections to the admission and exclusion of evidence will not be considered on appeal where the questions, answers

Kokomo, etc., Traction Co. *v.* Kokomo Trust Co.—193 Ind. 219,

and exceptions are not recited in appellant's brief, nor pointed out by reference to the pages and lines of the transcript where they may be found. p. 228.

7. APPEAL.—*Review.* — *Defective Demurrer Sustained.* — *Not Cause for Reversal.*—Insufficiency in form of a demurrer which was sustained is not cause for reversing the judgment if the pleading to which it was addressed was bad. p. 228.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by the Kokomo Trust Company, as administrator, against the Kokomo, Frankfort and Western Traction Company and others. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*Major A. Downing, Bell, Kirkpatrick & McClure* and *Walker & Hollett,* for appellant.

*A. H. Cole, N. N. Antrim, Conrad Wolf* and *Earl B. Barnes,* for appellee.

EWBANK, J.—This was originally an action by appellee's decedent and his partner to recover the reasonable value of work done under a contract with A. J. Yawger and Company in clearing, grubbing and grading the railroad right of way of the appellant traction company, and to foreclose a mechanic's lien on the right of way and railroad built thereon, for the amount due from A. J. Yawger and Company for such work. One partner having died, the action was continued in the name of the surviving partner until he died; when a supplemental complaint was filed by his administrator, substituted by order of court as plaintiff. On proper request, the court made a special finding of facts, and stated conclusions of law thereon in favor of appellee, on which judgment was rendered in its favor, as administrator, against A. J. Yawger and Company, for $12,896.81, together with a decree foreclosing a mechanic's lien for that amount against the railroad of the appellant traction company, and ordering it sold to

satisfy the lien. The principal question in the case, presented by exceptions to rulings on demurrers and on motions for a new trial and to modify the judgment, and by exceptions to the conclusions of law, respectively, is whether or not the contract under which the work was done waived the right of appellee's decedent to enforce a mechanic's lien.

The firm of appellee's decedents were subcontractors under A. J. Yawger and Company, who were subcontractors under W. H. Schott Company, which had a general contract with the appellant traction company for the construction and completion of the railroad. The traction company alone has perfected an appeal, and the amount due appellee from A. J. Yawger and Company is fixed by the judgment. But the traction company reserved separate exceptions, filed a separate motion for a new trial, and has assigned errors separately.

The general contract between the traction company and W. H. Schott Company was dated June 16, 1911, and consisted of a written proposal by the latter to complete the interurban railway for $320,000, as per specifications which it recited were attached thereto and by reference made part thereof, the money to be paid as the work progressed, up to ninety-five per cent. of said contract price, and the acceptance of such offer by the traction company. This contract fixed no time limit within which the work or any part of it should be completed, but at the end of the proposal, following a "detail of estimate" therein set out, was the following: "Said entire construction herein provided for to be furnished, done and performed within the time and in accordance with the terms and provisions of this agreement, and upon completion to be delivered to purchaser free from all material, labor or other liens, except such as may be placed thereon by purchaser, its successors and assigns."

W. H. Schott Company sublet to A. J. Yawger and
Company the work of clearing, grubbing, grading,
ballasting, constructing bridges and laying the track,
at specified prices, such work to be completed by De-
cember 1, 1911, unless the subcontractor should be de-
layed by certain acts or omissions of the general
contractor, in which case an extension should be granted
for the period of such delay. By this contract A. J.
Yawger and Company agreed "to perform all work as
per specifications, plans and profile on file, hereto at-
tached and made a part of this agreement." This sub-
contractor, in turn, sublet certain of the clearing,
grubbing and grading to the firm of Joseph and Ricards,
appellee's decedents, their contract reciting that A. J.
Yawger and Company had a contract with the W. H.
Schott Company for said work, which had been ap-
proved by appellant traction company, and that Joseph
and Ricards agreed "to perform all work in accordance
with the specifications and profile which are attached
hereto and form a part hereof." Neither the specifica-
tions and profile thus referred to, nor the specifications
mentioned in either of the other contracts, were filed
with any pleading or put in evidence, and it does not
appear what they contained or that they contained any-
thing except directions concerning the work to be done
and the manner of doing it; nor is it shown that the
plans and specifications mentioned in the subcontract of
Joseph and Ricards were the same plans and specifica-
tions which were referred to in the original contract
between the appellant traction company and W. H.
Schott Company, or that they embraced any part of
the work except what was sublet to Joseph and Ricards.

The subcontract of Joseph and Ricards stipulated that
a monthly estimate of the work done should be made,
and ninety per cent. of the amount earned should be
paid to them within five days after the contractors

should receive pay for such work. The undisputed evidence shows, and the special finding recites, that in the month of September, 1911, Joseph and Ricards did work under their contract to the amount of nearly $4,000; that an estimate thereof was duly made; that the general contractor, W. H. Schott Company, received pay for such work, and paid A. J. Yawger and Company for it, in turn, prior to October 6, 1911, but that nothing was ever paid to Joseph and Ricards on that account; that repeatedly, in October and November, 1911, Joseph and Ricards, while continuing the work, demanded from A. J. Yawger and Company, in person, by letter and by telephone, the payment of what was due them for the work done in September, but no part of it has ever been paid, and that other money earned by them in October and November is also unpaid; that because said money earned in September was not paid Joseph and Ricards quit work on the job in November, 1911, after having notified A. J. Yawger and Company of their purpose to do so unless they were paid; that they duly filed notice of their intention to hold a mechanics' lien on appellant's railroad for the work and labor they had done and materials they had furnished, on November 27, 1911, and thereafter within the time allowed by law (§8299 Burns 1914, Acts 1909 p. 295), duly commenced this action to foreclose it; and that the railroad was not completed until long afterward.

It will be observed that the contract between the owner and the principal contractor provided only that the work should be performed in accordance with the terms of such agreement, "and upon completion to be delivered to purchaser free from all material, labor or other liens, except such as may be placed thereon by purchaser, its successors and assigns." It contained no express covenant that liens should not be filed pending

completion, and no express covenant that subcontractors should not acquire and enforce mechanics' liens.

Appellant cites and relies on the case of *Baldwin, etc., Works* v. *Edward Hines Lumber Company* (1919), 189 Ind. 189, 125 N. E. 400, 127 N. E. 275, 13 A. L. R. 1059. But it is not in point. In that case, the contract between the principal contractor and owner contained the following stipulation:

"No contractor, subcontractor, materialman, or other person furnishing labor or materials for the work herein provided for, or any alteration or additions thereto, shall have any right to file any mechanics' lien, or claim of any sort or kind against the premises, or any part thereof." The court there held that the language quoted was binding on the subcontractor (see Acts 1921 p. 135, §8295 Burns' Supp. 1921, since enacted), and barred his right to acquire a mechanics' lien.

But a different rule applies where the principal contractor has merely bound himself to deliver the building or works free from liens, upon its completion. *Smalley* v. *Gearing* (1899), 121 Mich. 190, 79 N. W. 1114, 80 N. W. 797; *Gray* v. *Hickey* (1917), 94 Wash. 370, 162 Pac. 564; *Howarth* v. *Chester City Presbyterian Church* (1894), 162 Pa. 17, 29 Atl. 291; *Davis* v. *LaCrosse Hospital Assn.* (1904), 121 Wis. 579, 99 N. W. 351; *Advance Terra Cotta Co.* v. *Moran* (1917), 207 Ill. App. 17.

In the case first cited, the subcontractor was held entitled to a lien where the principal contract stipulated as follows: "The building or works must be delivered up free of all mechanics' liens or other claims chargeable to the contractor." *Smalley* v. *Gearing, supra.*

In the next case, the court held that the appellant was not precluded from enforcing a mechanic's lien by a stipulation that the contractor "agrees to do all of said

226    SUPREME COURT OF INDIANA,

Kokomo, etc., Traction Co. *v.* Kokomo Trust Co.—193 Ind. 219.

work in a workmanlike manner and pay all bills for labor, groceries, and all other expenses, * * * and prevent any liens being filed against the said work on account thereof." *Gray* v. *Hickey, supra.*

In the next case, the court held that a subcontractor could hold a lien, and that it was reversible error to give an instruction that he could not, where the contract between the owner and the principal contractor provided that final payment should be made "when the entire contract is completed and delivered to said (owner) with release of all liens," and that the principal contractor "hereby agrees to deliver the said building all complete as aforesaid, * * * free from the claims of mechanics and materialmen and all claims whatever." *Howarth* v. *Chester City, etc., Church, supra.*

In the next case, a lien in favor of the principal contractor was upheld and judgment was ordered in his favor where the contract stipulated for delivery of the completed building "free from all claims, liens and charges," on or before a date named, and provided that, after payment of certain installments of the contract price, the reserved amount should be paid when the contract was completed and the architect was satisfied that the building was, in fact, free from all liens. *Davis* v. *LaCrosse Hospital Assn., supra.*

In the next case, it was held that the principal contractor was not precluded from enforcing a lien on a building by a stipulation in his contract "to complete same free and clear of any liens or incumbrances." *Advance Terra Cotta Co.* v. *Moran, supra.*

All of these cases recognized the rule of law that a builder may waive the right of himself and those claiming under him to the lien given by statute, where 1. the statute imposes no restriction on this right, and that he does so by expressly agreeing that

no liens shall be so filed, or entering into an agreement which otherwise clearly shows by the language used that such was the intention of the parties. But they hold that in the absence of evidence contained in the contract that it was clearly the intention to make such a waiver, it must be presumed that the builder has not disabled himself from enforcing a lien, and that, where the terms of the contract are ambiguous on the question, the doubt must be solved against such a waiver. *Davis* v. *LaCrosse Hospital Assn., supra; Gray* v. *Hickey, supra;* Note, 13 A. L. R. 1065, 1066, 1072 *et seq.,* and authorities cited.

The stipulation in the contract under consideration in the case at bar that the work of construction should be done according to agreement, and "upon completion to be delivered to purchaser free from all material, labor and other liens," was not such a clear and unambiguous agreement not to permit any liens to be acquired as will bar the enforcement of appellee's lien.

Appellant complains that the trial court overruled its motion to require the plaintiff to pay certain costs adjudged against it before proceeding with the action. Such a motion is addressed to the sound legal discretion of the court to which it is presented, and it is not made to appear that the court abused its discretion in this matter.

No error is shown to have been committed by permitting the surviving partner of the plaintiff firm to continue the action as such surviving partner after the death of his coplaintiff, nor in ordering that his administrator be substituted upon the filing of a supplemental complaint alleging that such surviving partner had died.

The admission of certain evidence is complained of and also the exclusion of certain evidence that was

offered. But the questions, answers and exceptions referred to are not recited in the brief, nor pointed out by reference to the pages and lines of the transcript where they may be found.

Mere insufficiency in form of the demurrer to a pleading is not cause for reversing the judgment, if the pleading to which it was addressed was bad. *Duffy v. England* (1911), 176 Ind. 575, 584, 96 N. E. 704; *Board v. Crone* (1905), 36 Ind. App. 283, 290; *Pattie v. State, ex rel.* (1921), 75 Ind. App. 233, 130 N. E. 241.

The judgment is affirmed.