## MORSE v. MORSE

[No. 16,334. Filed May 27, 1940.]

*Davis & Schaefer,* of Goshen, for appellant.
*Harry E. Vernon,* of Goshen, for appellee.

BRIDWELL, P. J.—Appellee brought this action against appellant, alleging in his complaint, in substance, that on the first day of December, 1936, and for many years prior thereto, the plaintiff lived upon and farmed and cultivated a tract of land located in Elkhart county, Indiana, known as the Thomas Morse farm; that in the year 1936 said farm was owned by the defendant, but was farmed and operated by the plaintiff under and by virtue of a verbal agreement of farm tenancy, whereby plaintiff and defendant each paid fifty per cent of the cost and expenses of the operation of said farm, and divided the income therefrom equally; that in the fall of the year 1936, it was agreed to discontinue said farming operations, and thereafter a sale of the personal property of the plaintiff and defendant was held, and plaintiff vacated the said premises in the month of December, 1936; that before leaving said premises plaintiff sowed about eight acres of wheat and ten acres of spelts upon said real estate, with the knowledge, consent, and at the invitation of the defendant, with the privilege to return in the summer of 1937 and harvest the same and receive one-half of the proceeds therefrom, after the costs of such harvest and threshing were deducted in the usual manner, but that the defendant refused to permit the plaintiff so to do; that there is a large sum of money due plaintiff as his share of

certain payments made by the United States government on account of its soil conservation program; that defendant has taken all of the proceeds from such soil conservation program and proceeds from the wheat and spelts sowed by the plaintiff; has disposed of said property and neglects and refuses to render an account thereof to the plaintiff, though requested so to do, and refuses to pay the plaintiff the amount due him; that there is now due the plaintiff from the defendant a large sum of money, the exact amount of which is unknown. The prayer of the complaint is that the defendant be compelled to render an account, and for judgment for the amount found to be due.

Appellant filed an answer in three paragraphs to the complaint, the first being a general denial, the second a plea of payment, the third alleging that on the 8th day of December, 1936, plaintiff and defendant entered into an agreement in writing, by the terms of which all matters of every kind and character in any wise in controversy between them, particularly all matters and things relative to the rental of the farm described in the complaint, were fully, finally and conclusively adjusted, settled and determined; a copy of said written agreement is made a part of the third paragraph of answer as Exhibit A thereto. A reply in general denial to the affirmative paragraphs of answer closed the issues.

Trial by the court resulted in a finding for the plaintiff (appellee) that he is entitled to recover of the defendant (appellant) the sum of $206.13 and costs. Judgment in accordance with the decision followed.

Appellant duly filed his motion for a new trial, asserting as causes therefor (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) error in the assess-

ment of the amount of recovery in this, the amount is too large. This motion was overruled, an exception to such ruling reserved, and this appeal perfected. The only error assigned is the overruling of said motion.

There is evidence to prove that the farm owned by appellant had been operated by appellant and appellee under a verbal agreement from "sometime" in the year of 1934 to and including the year of 1936; that the parties each owned a one-half interest in the farming implements, tools and live stock used in farming the land of appellant, and under their agreement were to share equally the expense of harvesting crops and the income derived from the farming operation; that in the year of 1936 (just when is not shown) it was agreed that the contract existing should be discontinued, a sale of the property owned by them as partners in the farming venture held, and possession of the farm surrendered to appellant; that a public sale of such property was had on November 17, 1936. It also appears from the evidence that in the month of July or August, 1936, it was understood between the parties that certain acreage of said farm should be planted in wheat and spelts, which was done; that it also had been decided to participate in the U. S. government soil conservation program in said year, and the usual application for so doing had been signed by both appellant and appellee. Shortly before the date fixed for the sale of the personal property, appellant made inquiry of appellee concerning whether the growing crops should be offered for sale, and appellee expressed his views to the effect that they would realize more from such crops by harvesting same; the crops consisting of the wheat and spelts were not offered for sale. In the early part of December, following the sale of November 17th, appellant and appellee went to a bank where they had deposited the

proceeds of the sale of their property arising from the farming venture engaged in by them, and with the assistance of an employee of such bank arrived at an accounting of their affairs growing out of their farm operations. Thereafter, on the same day, they entered into the following written agreement:

"THIS AGREEMENT made and entered into this 8th day of December, 1936, by and between Charles R. Morse, party of the first part, and Wood G. Morse, party of the second part, both of Jefferson Township, Elkhart County, Indiana, WITNESSETH:

"That whereas said party of the second part is and for some time has been lessee of and farming the farm of said first party in Jefferson Township, Elkhart County, Indiana, and in the operation of said farm said parties hereto have owned as partners certain farming implements and livestock, which farming implements and livestock have been heretofore sold at public sale; and whereas the interest of said first party in the said farming implements, livestock and grain has been absorbed by the purchases said first party made at said public sale, in an amount in excess of his interest therein in the sum of Two Hundred Thirty-seven and 68/100 Dollars ($237.68), including the mules; and whereas there is on hand at this time on deposit the sum of Nine Hundred Fifty-seven and 89/100 Dollars ($957.89) as evidenced by certificate of deposit No. 70181 in the sum of Eight Hundred Ninety-seven and 14/100 Dollars ($897.14) and certificate of deposit No. 70231 for Sixty and 75/100 Dollars ($60.75) both in the Salem Bank and Trust Company, Goshen, Indiana, it is therefore hereby agreed that said first party shall transfer and assign to said second party all his right, title and interest in and to said two certificates of deposit and shall also pay to said second party this day in cash the sum of Two Hundred Twenty-Five and 47/100 Dollars ($225.47), which payment is so made by first party to second party and is received by second party in full payment of all differences existing between said parties as of this

date; and it is further agreed that said first party shall pay to the Farm Bureau the note of Five Dollars ($5.00) and to the insurance Company the insurance assessment in the sum of Two and 96/100 Dollars ($2.96) and it is further agreed, in consideration of and as a part of said settlement, that said second party shall give to first party full and complete possession of the farms and all buildings thereon situate owned by first party, which real estate is now occupied by second party, on or before December 15, 1936.

"IN WITNESS WHEREOF, the said parties have hereunto set their hands and seals at the city of Goshen, Indiana, this 8th day of December, 1936."

It also appears that when the time arrived for the harvesting of the wheat and spelts heretofore mentioned, appellee requested of appellant that he be permitted to harvest said crops, and was informed that he (appellant) would do so himself; that the appellant did so, and that he also received from the United States government certain checks issued because of the soil conservation program, and that he has retained the proceeds derived from each source and paid appellee nothing on account thereof. The volume and value of the crops in question, and the amount of the check received by appellant from the government is disclosed by the evidence.

It is also proved by uncontradicted testimony that nothing was said by either of the parties concerning the growing crops, or the amount due from the United States government because of the soil conservation contract, when they were seeking to reach a settlement at the bank, nor when the written contract heretofore set out was executed.

Appellant contends that the written agreement made on December 8, 1936, pleaded in the third paragraph

of his answer to the complaint and proved by the evidence without any conflict therein concerning its execution and complete performance, precludes appellee from any right of recovery under the allegations of his complaint, and constitutes a "complete defense."

Appellee's claimed right of recovery is not based upon said written contract, nor any breach thereof. He admits the execution of this contract, a compliance with its terms by appellant, but asserts that such conract does not and was not intended to relate to his interest in the growing crops, nor his interest in the contract with the United States government on account of its soil conservation program; that it relates only to the settlement between the parties of their respective interests arising from the sale of the property which they owned together, and had previously used in their farming operations.

The question presented for determination is, whether the written contract of December 8, 1936, was so definite, complete and specific as to constitute, as appellant asserts, a complete defense to this action, or whether, *under the issues submitted for trial,* the court was justified in hearing evidence concerning the purpose and intention of the parties in executing such contract.

It is to be noted that this agreement does not specifically mention the interest of the parties in growing crops, or government checks. It only purports to be "in full payment of all differences existing between said parties as of this date." Is the language used susceptible of more than one meaning, or to any extent ambiguous? We so consider it, and believe that from such language the trial court may and reasonably could have concluded that the intent and purpose of the parties in executing it was not ascer-.

tainable from said written contract alone. When it was made the crops had not matured, and their net value, if any, could not be determined. The amount due from the government under the conservation 'contract was unknown.

It was the duty of the court to interpret this agreement and its legal effect. The rule for so doing is aptly stated by our Supreme Court, in the case of *Olds Wagon Works v. Coombs* (1890), 124 Ind. 62, 24 N. E. 589, as follows:

"In interpreting a contract the language employed therein is the exclusive medium through which to ascertain its meaning; but in case the terms employed are ambiguous, or susceptible of more than one meaning, the situation of the parties and the circumstances under which the contract was made may become a proper subject of inquiry in order to arrive at the sense in which the language was employed."

See, also, *Robbins v. Brazil Syndicate, etc., Co.* (1917), 63 Ind. App. 455, 462, 463, 114 N. E. 707.

Appellant complains of the court's action in permitting the introduction of evidence on the subject of growing crops and conservation payments and of proof that no mention of either was made during the negotiations which immediately preceded the execution of the written agreement heretofore set out. No question of erroneous action on the part of the trial court in admitting evidence is assigned as a cause, or causes, for a new trial. In the instant case, however, under the issues being tried, we hold that the court was justified in hearing the testimony offered relative to the purpose and intention of the parties in the execution of the contract, as well as such evidence as related to the value and disposition of the crops and conservation

payments not included in the sale, and concerning which no mention was made in such written contract.

In his brief, under the heading "Propositions and Authorities," appellant fails to make any point as to the excessiveness of the amount of recovery, as asserted in his motion for a new trial, and by so failing waives this question.

However, after reading the evidence, we conclude that it is amply sufficient to sustain the decision of the court, and that such decision is not contrary to law. There was no error in overruling the motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 27 N. E. (2d) 392.