## Clarage v. Palace Theatre Corporation.

[No. 13,113. Filed March 27, 1929. Rehearing denied June 18, 1929. Transfer denied January 10, 1933.]

*Edmund A. Wills* and *Walter R. Arnold,* for appellant.
*Parker, Crabill, Crumpacker & May,* and *W. S. Carlisle,* for appellee.

McMahan, P. J.—Action by appellant to foreclose a mechanic's lien. Appellee filed an answer alleging that appellee, as owner, and the contractor had entered into an agreement, wherein it was agreed that the contractor waived the right to a mechanic's lien, and that this contract had been acknowledged and recorded. The theory of this answer is that, under the terms of that agreement, appellant was not entitled to a lien. The court overruled a demurrer to this answer, and, appellant refusing to plead further, judgment was rendered in favor of appellee.

The complaint alleges that in 1922, Alexander Lippman, being the owner of certain real estate, leased the same to appellee for a term of 99 years; that in June, 1922, Ralph Sollitt & Sons contracted with appellee, with the consent of Lippman, to erect a building on the premises; that thereafter Sollitt & Sons entered into a contract with Charles H. Law Plumbing & Heating Company, hereafter referred to as the heating company, to install the plumbing, ventilating and heating systems; that appellant entered into a contract with the heating company to furnish and install certain plumbing and ventilating appliances and that, in accordance with that contract, it furnished the labor and materials therefor. The amount of appellant's claim is $3,847.72. Notice of intention to hold lien was filed and recorded in proper time.

Appellee, in its answer, admitted the execution of the lease by Lippman, the execution of the contract with the Sollitts, the execution of the contract by the latter with the heating company, the execution of the contract between the heating company and appellee, and that appellee, under that contract, furnished the labor and material as alleged in the complaint. The answer then alleges that by the terms of the contract between appellee and the Sollitts, it was expressly stipulated that

no mechanic's lien should attach to the real estate and building in favor of subcontractors or others; that this contract was in writing, had been acknowledged and recorded in the recorder's office within less than five days after its execution, a copy of such contract being attached to and made a part of the answer. This contract provided for the erection of a building at the "north west corner of Michigan Street and Colfax Avenue" in South Bend, Indiana.

That part of the contract relating to the waiver is as follows: "The said contractor hereby does effectually in law and equity waive and release any and all liens for all the materials to be furnished and all labor to be performed under this contract of, in and to the land upon which the improvement herein contracted for is to be erected and to the land upon which the Palace Theatre is located, said lands being mentioned and described in schedule A attached to a certain agreement entered into by and between the Palace Theatre Corporation and the American Bond and Mortgage Company, which schedule is hereby made a part hereof and also in and to any of the buildings now erected and standing thereon or which may hereafter be erected or standing thereon."

Article 10 of the contract provides: "If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default."

Article 14 is as follows: "The contractor shall pro-

vide all statements, affidavits, waivers, etc., required by the lien laws of the State of Indiana, at such times and in the form required by said laws to protect the owner against mechanic's or other liens, and hereby acknowledges receipt of notice from the owner or architect to furnish same."

Section 9831 Burns 1926 provides that: "No provision or stipulation in the contract of the owner and principal contractor that no lien shall attach to the real estate, building, structure or any other improvement of the owner shall be valid against subcontractors, mechanics, journeymen, laborers, or persons performing labor upon or furnishing materials or machinery for such property or improvement of the owner, unless the contract containing such provision or stipulation shall be in writing, and shall be acknowledged as provided in case of deeds and filed and recorded in the recorder's office of the county in which such real estate, building, structure or other improvement is situated not more than five days after the date of the execution of such contract."

Appellant contends: (1) That there is no express provision in the contract that no lien shall attach to the real estate in question, that appellant has not himself waived any lien and is, therefore, not barred from the right to hold a lien on the property; (2) that the statute requires that the entire contract be recorded, and that it being apparent that reference is made in the contract to material parts thereof, which are not recorded, the answer states no defense; (3) that the land upon which the building was to be constructed is not sufficiently described in the contract; and (4) the recorded contract, by its terms, recognizes that the liens of subcontractors may be perfected.

In support of the first contention, appellant says the mechanic's lien statute gives every subcontractor a lien

unless the contract between the owner and principal contractor specifically provides that "no lien shall attach to the real estate, building, structure or any other improvement," and unless such contract containing such stipulation is acknowledged and recorded. Appellant cites and relies on *Kokomo, etc., Traction Co.* v. *Kokomo Trust Co.* (1923), 193 Ind. 219, 137 N. E. 763. In that case the contract between the principal contractor and the owner provided only that the work should be performed in accordance with the terms of the contract, "and upon completion to be delivered to the purchaser free from all material, labor or other liens, except such as may be placed thereon by purchaser, its successors and assigns." It contained no express covenant that liens should not be filed pending completion, and no covenant that subcontractors should not acquire and enforce mechanic's liens. After reviewing a number of cases, the court in that case said: "All of these cases recognized the rule of law that a builder may waive the right of himself and those claiming under him to the lien given by statute, where the statute imposes no restriction on this right, and that he does so by expressly agreeing that no liens shall be so filed, or entering into an agreement which otherwise clearly shows by the language used that such was the intention of the parties. But they hold that in the absence of evidence contained in the contract that it was clearly the intention to make such a waiver, it must be presumed that the builder has not disabled himself from enforcing a lien, and that, where the terms of the contract are ambiguous on the question, the doubt must be solved against such a waiver." It was there held that the statement that the work should be done according to the agreement, and "upon completion to be delivered to the purchaser free from all material, labor and other liens," was not such a clear and unambiguous agreement not to permit any

liens, as would bar the enforcement of the lien. The rule adopted in that case applies where the principal contractor has merely bound himself to deliver the building free from liens, upon its completion.

But as was said in *Baldwin, etc., Works* v. *Edward Hines Lumber Co.* (1920), 189 Ind. 189, 125 N. E. 400, 126 N. E. 275, 13 A. L. R. 1059: "The better rule seems to be that where there is a direct and positive covenant in the principal contract against liens, it precludes all who work under, or furnish material to the principal contractor." The contract in that case provided that no contractor, subcontractor, materialman or person furnishing labor should have any right to file or claim any mechanic's lien on the premises.

In *Hoosier Brick Co.* v. *Floyd County Bank* (1917), 64 Ind. App. 445, 116 N. E. 87, the contractor agreed to complete the building according to plans and specifications and gave bond conditional that he would not suffer or permit any lien to be taken or held against the building for material or labor used in constructing the same. It was there held that a materialman, who had signed the bond as surety for the contractor, was not entitled to a lien for brick furnished and used in the building. The court, in the course of the opinion, at page 453, said: "The right to mechanic's lien given by statute may be waived."

Appellant calls attention to the provisions in Articles 10 and 14, of the contract heretofore set out, which provides that the owner shall have the right to retain out of any payment due the contractor an-amount sufficient to satisfy any claim, which, if established, the owner of the premises might be liable and that the contractor should provide statements, affidavits and waivers to protect the owner from liens, and says that appellee is estopped to hold out to a subcontractor that waivers of liens will

be obtained, and then assert that no lien can attach even though the waivers are not obtained.

We are of the opinion that the contract between the owner and the contractor clearly shows that it was the intention of the parties that there should be no liens on the building, and that the contractor, for himself and for all others furnishing labor or material for the construction of the building to such contractor or any subcontractor, effectually waived the right to any lien on the property, and that appellant is bound by that waiver.

The description of the property as set out in the contract was sufficient to give appellant notice of the real estate on which the building mentioned in the contract was to be erected. The failure to record the exhibit mentioned in the contract did not invalidate the contract as recorded, or render the notice of the contents of the recorded contract nugatory.

Judgment affirmed.