LENHART *v.* GRACE CONSTRUCTION & SUPPLY COMPANY ET AL.

[No. 17,864. Filed January 20, 1950.]

*Frankenstein & Frankenstein,* of Fort Wayne, for appellant.

*Barrett, Barrett & McNagny,* of Fort Wayne, for appellee.

WILTROUT, J.—Appellant seeks to foreclose a materialman's lien.

The appellee Grace Construction and Supply Company, owner of the real estate involved, entered into a building and no-lien contract with appellee Zwahlen, Inc., whereby the latter was to construct a residence and garage for the former "in accordance with the plans and specifications furnished by said Owner, which are hereby made a part of this contract." Zwahlen, Inc. agreed to furnish all labor and materials required and for and on behalf of itself and all other persons expressly agreed that no lien should attach to said land or buildings and waived the right to any such lien.

This contract, with the exception of the plans and specifications, was recorded in the office of the county recorder.

The questions to be determined are the sufficiency of the acknowledgment of the no-lien contract, and the necessity of recording the plans and specifications.

Burns' 1940 Replacement (1949 Supp.), § 43-701, states that no provision in such a contract that no lien shall attach shall be valid against persons furnishing materials unless the contract containing such provision or stipulation shall be acknowledged as provided in case of deeds and filed and recorded in the recorder's office, and further provides that the recorder shall record the contract at length. The statute also requires a posting of notice on the premises.

The signatures on the contract in question are as follows:

## THE GRACE CONSTRUCTION AND SUPPLY COMPANY

BY   Martin J. Grace  (Signed)     President

    OWNER

## ZWAHLEN, INCORPORATED

BY   Harry A. Zwahlen  (Signed)    President

    CONTRACTOR

Omitting formal parts, the acknowledgment reads:

"Before me, the undersigned, a Notary Public in and for said County and State, appeared the above named MARTIN J. GRACE, President of THE GRACE CONSTRUCTION AND SUPPLY COMPANY, and HARRY A. ZWAHLEN, of ZWAHLEN, INCORPORATED, personally known to me to be the persons who executed the attached Building and No-Lien contract, and acknowledged the execution thereof to be their voluntary act and deed, for the uses of purposes therein set forth."

If such a contract is not acknowledged as provided by the statute, it does not prevent the acquisition and enforcement of a mechanic's lien. *Hutton* v. *McGuire* (1928), 88 Ind. App. 163, 161 N. E. 648.

Appellant's interpretation of the notary's certificate is that it does not show that the acknowledgment was of the execution of the contract by the corporate officers for and on behalf of the corporation, but rather it shows that they acknowledged the execution to be their individual act and deed. Appellant urges that the acknowledgment does not meet the statutory requirement.

No form of corporate acknowledgment is provided by statute in this state for instruments of this character. "By the weight of authority, where no form is prescribed by statute the tendency toward liberality in the construction of acknowledgments is especially strong." *Haverell Distributors* v. *Haverell Mfg. Corp.* (1945), 115 Ind. App. 501, 58 N. E. 2d 372.

In determining the validity of the certificate of acknowledgment, reference may be had to the instrument acknowledged in aid thereof. 1 Am. Jur., Acknowledgments, § 79, p. 347; 1 C. J. S., Acknowledgments, § 91d, p. 854; 29 A. L. R., p. 934; 7 *Thompson on Real Property,* § 4049, p. 485.

By the weight of authority a certificate will be upheld even though it states that the one who executed it for the corporation acknowledged it to be "his" act and deed, where it is clear from the instrument and certificate that it was the intent to acknowledge for the corporation. 29 A. L. R., p. 996; 1 Am. Jur., Acknowledgments, § 115, p. 362; 1 C. J. S., Acknowledgments, § 92c, p. 857; 4 Tiffany, *Real Property,* § 1066, p. 266. The acknowledgment here presents a stronger case, for it recites that the execution was acknowledged to be "their" voluntary act and deed. The word "their" appears to us to refer to the two corporations. *Eppright* v. *Nickerson* (1883), 78 Mo. 482; *Tenney* v. *Lumber Co.* (1861), 43 N. H. 343; *In re Universal Storage & Transfer Co.* (1933), 4 F. Supp. 425.

The contract shows on its face that it was entered into by and between two corporations and executed in the names of the corporations by their respective presidents. The certificate of acknowledgment states that these persons who are named in the contract as the corporate presidents, namely, Martin J. Grace, Presi-

dent of the Grace Construction and Supply Company, and Harry A. Zwahlen of Zwahlen, Incorporated, acknowledged the execution of the contract to be "their" voluntary act and deed for the uses and purposes therein set forth. A reading of the certificate of acknowledgment in the light of the contract itself clearly indicates that it is not subject to the objection urged by appellant.

Appellant next urges the necessity of the recording of the plans and specifications, claiming that the entire contract was not recorded, and that the no-lien contract was therefore ineffective. A similar contention was made in *Clarage* v. *Palace Theatre Corp.* (1933), 95 Ind. App. 443, 165 N. E. 550 (Transfer denied). There the contract provided for the erection of a building at the northwest corner of certain streets in South Bend, Indiana, "said lands being mentioned and described in schedule A attached to a certain agreement . . . which schedule is hereby made a part hereof." This schedule was not recorded, and the appellant contended that the no-lien contract was therefore ineffective. In disposing of this contention this court stated:

> "The failure to record the exhibit mentioned in the contract did not invalidate the contract as recorded, or render the notice of the contents of the recorded contract nugatory."

The situation involved in this case is to some extent analagous to those arising under Burns' 1946 Replacement, § 2-1031, which provides that when any pleading is founded on a written instrument the original, or a copy thereof, must be filed with the pleading. It was held in the following actions on building contracts that, under a reasonable construction of the statute, it was not necessary to file the plans, speci-

fications and drawings with the pleading. *Young* v. *Older* (1915), 183 Ind. 646, 109 N. E. 909; *Bird* v. *St. John's Episcopal Church* (1900), 154 Ind. 138, 56 N. E. 129; *Williams* v. *Markland et al.* (1896), 15 Ind. App. 669, 44 N. E. 562.

In the case now before us, the no-lien contract with the owner provided that the contractor would erect and complete a residence and garage and furnish *all* the materials and labor. In our opinion, the quoted statement from the *Clarage* case is equally applicable to the particular contract involved here.

We find no error, and the judgment is affirmed.

NOTE.—Reported in 89 N. E. 2d 627.