Dale A. FROBERG and Margaret L. Froberg, his Wife, Appellants (Defendants-Cross-Claimants Below)

v.

NORTHERN INDIANA CONSTRUCTION, INC. and Eric G. Goetz, Appellees (Plaintiffs-Cross-Defendants Below).

No. 3–1279A358.

Court of Appeals of Indiana,
Third District.

Feb. 10, 1981.

Rehearing Denied March 24, 1981.

James L. Sullivan, Clifford, Houran, Hiller and Sullivan, Valparaiso, for appellants.

Robert A. Welsh, Harris & Welsh, Chesterton, for appellees.

HOFFMAN, Presiding Judge.

Dale and Margaret Froberg appeal the trial court's order foreclosing a mechanic's lien held by Northern Indiana Construction, Inc. (Northern). The Frobergs also challenge the trial court's denial of their counterclaim together with the court's determination of damages. The pertinent issues raised are:

(1) whether Northern complied with the requirements of IC 1971, 32–8–3–3;

(2) whether an award of attorney's fees is proper;

(3) whether the trial court erred in denying the Frobergs' counterclaim; and

(4) whether the evidence is sufficient to sustain the amount of damages awarded to Northern.

The Frobergs entered into an oral agreement with Northern to build a single family dwelling. Northern agreed to do the rough and trim carpentry work for $15,000. Northern entered into subsequent agreements with the Frobergs by which it contracted to perform various extra services in addition to those contemplated in the original oral contract.

Prior to the completion of the house the Frobergs became unhappy with Northern and terminated the contract. The Frobergs then hired other subcontractors to complete the house and repair defects. The house was ultimately sold to innocent purchasers.

The Frobergs paid Northern a total of $22,591.69. After the contract was termi-

nated, Northern presented the Frobergs a final statement for the balance due, $11,282.23. The Frobergs refused to pay this amount. Northern filed a notice of intent to hold a mechanic's lien wherein it gave a completely erroneous legal description of the land. The description was actually that of another parcel of land owned by the Frobergs. Northern filed a complaint to foreclose the mechanic's lien. A claim for personal liability against the Frobergs was also included. The Frobergs counterclaimed for expenses incurred in repairing defects in the house.

The trial court entered judgment foreclosing the mechanic's lien and denying the Frobergs' counterclaim. The trial court also entered judgment against the Frobergs on the personal liability claim.[1]

The Frobergs argue that Northern's mechanic's lien is invalid as a matter of law due to the erroneous legal description contained in the notice. IC 1971, 32–8–3–3 (Burns 1980 Repl.) provides:

"How obtained — Notice — Recording fee.—

Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty [60] days after performing such labor or furnishing such materials, or machinery, described in section 1 [32–8–3–1] of this act, a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, *and shall give legal description*, street and number, if any, of such lot or land on which the house, mill, manufactory or other buildings, bridge, reservoir, system of waterworks or other structure may stand or be connected with or to which it may be removed. The name of the owner and legal description of such lot or land will be sufficient if they are substantially as set forth in the latest entry in the county auditor's transfer books at the time of filing of the notice of intention to hold a lien. The recorder shall mail first class one [1] of the duplicates to the owner named in such notice within three [3] business days after recordation and post his records as to the date of this action. Such notice shall be addressed to the latest address of such owner as shown on the property tax records of the county. The recorder shall be entitled to a fee of one dollar [$1.00] to be collected from the lien claimant for such services." (Emphasis added.)

The express wording of the statute requires a proper legal description to be included in the notice.

Northern cites cases in which it was held that the description included in the notice, though inaccurate, was sufficient, if from the notice, together with the complaint for foreclosure and extrinsic evidence, the lot or land may be identified. See: *Smith et al. v. Newbauer et al.* (1895), 144 Ind. 95, 42 N.E. 40; *Deal v. Plass* (1915), 59 Ind.App. 185, 109 N.E. 51; *Hillyard v. Robbins* (1913), 53 Ind.App. 107, 101 N.E. 341; *Stephens v. Duffy* (1907), 41 Ind.App. 385, 81 N.E. 1154. These cases however were decided prior to the 1963 amendment to the statute. The prior statute provided:

"Any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty days after performing such labor or furnishing such materials, or machinery, described in section 1, notice of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, and *giving a substantial description of such lot or land* on which the house, mill, manufactory or other buildings, bridge, reservoir, system of water works or other structure may stand or be connected with or to which it may be removed. *Any description of the lot or land in a notice of a lien*

---

1. Although the Frobergs contend that the damages awarded are excessive, they do not challenge the propriety of the personal liability judgment itself. The issue of damages will be discussed at length later in this opinion.

*will be sufficient, if from such description or any reference therein, the lot or land can be identified.*" (Emphasis added.) Ind.Code (1909) 43–703.

In construing a statute, the proper objective of a court is to ascertain and effectuate the intent of the Legislature as shown by the whole act, the law existing before its passage, changes made and the apparent motive for making them. *State ex rel. Rogers v. Davis* (1952), 230 Ind. 479, 104 N.E.2d 382. One obvious purpose of the mechanic's lien statutes is to provide security for those who furnish labor or materials for the improvement of land. The purpose of the notice requirement however is different. The notice statute operates not only as a warning to the landowner, but also to any prospective purchasers. This purpose can only be fulfilled if the land is sufficiently described.

The Legislature amended the notice statute in 1963 so as to require a legal description of the encumbered land. The Legislature also deleted the portion of the statute allowing the land to be identified by either the description itself or any reference thereto. The inescapable conclusion is that the Legislature intended for the notice to contain an accurate legal description in order that the land could be identified from the notice alone.

The notice in the present case contained the legal description of an entirely different parcel of land from that on which the house was built. There was no other description of the land in the notice. Such notice is insufficient to establish a valid mechanic's lien pursuant to the present statutory requirements. Therefore the court's judgment foreclosing the mechanic's lien must be reversed.

The Frobergs contend next that the award of attorney's fees in this case is improper. Northern counters this contention by alleging a waiver of the issue by the Frobergs' failure to raise it in their motion to correct errors.

Attorney's fees were apparently awarded pursuant to IC 1971, 32–8–3–14. The statute provides:

"Attorney's fees—When denied.—In all suits brought for the enforcement of any lien under the provisions of this act [32–8–3–1—32–8–3–15], *if the plaintiff or lienholder shall recover judgment in any sum, he shall also be entitled to recover reasonable attorney's fees,* which shall be entered by the court trying the same, as a part of the judgment in said suit, however, attorney fees shall not be recovered as part of the judgment against the property owner in any suit in which it is shown that the contract consideration for such labor, material or machinery has been paid, in fact, by the property owner or party for whom the improvement has been constructed." (Emphasis added.)

In view of the mandatory language of the statute, the issue of attorney's fees is necessarily included in the Frobergs' challenge to the judgment declaring the mechanic's lien valid. The issue has not been waived.

Attorney's fees may not be awarded to a mechanic seeking to enforce an invalid lien, even though otherwise entitled to damages for breach of contract. *St. Joseph College et al. v. Morrison, Inc.* (1973), 158 Ind.App. 272, 302 N.E.2d 865. The lien in the present case having been determined invalid, the award of attorney's fees must also be set aside.

The Frobergs assert as error the trial court's denial of their counterclaim. In particular, the Frobergs argue that there is uncontroverted evidence that they incurred expenses totaling $5,697 in repairing defects in the house.

In challenging the denial of their counterclaim the Frobergs are appealing a negative judgment. The standard of review for such cases is well established. An appellate court will consider only the evidence most favorable to the appellee, together with all reasonable inferences to be drawn therefrom. It is only where the evidence leads to but one conclusion and the trial court has reached the opposite result that the decision will be reversed. *Chaney v. Tingley* (1977), Ind.App., 366 N.E.2d 707.

■ The evidence in this case discloses that the Frobergs purchased green lumber which had not been kiln dried for use as vertical studs. This type of lumber can twist and cause defects in the drywall. The trial court committed no error in failing to find Northern liable for defects in the drywall when the evidence indicates that such defects were caused by inferior materials purchased by the Frobergs.

The evidence also reveals that the Frobergs terminated their agreement with Northern on March 31, 1977. The Frobergs then hired other subcontractors to complete the house. Subcontractors were also employed to repair defects allegedly caused by the poor workmanship of Northern's employees.

At no time did Northern represent to the Frobergs that its work on the house was completed. Additionally there appears to have been no date agreed upon for completion of the house. Without some indication that Northern breached its contract either in the quality of the work, or in the time for completion of the house, the Frobergs' counterclaim must fail. Northern cannot be held liable for any unfinished or defective work when it was unjustly terminated before completion of the project. The trial court committed no error in denying the counterclaim.

The Frobergs argue that the trial court erred in its determination of the amount of damages. Specifically, the Frobergs contend that the damages should be reduced by $1,350 for work performed by David Balon for which Northern did not pay. Additionally, the Frobergs allege that Northern performed only $10,205 worth of services on the original $15,000 verbal contract and that the amount of damages should be reduced accordingly. Finally the Frobergs assert that the evidence is insufficient to establish that they contracted to pay Northern on an hourly basis for the extra work it performed.

■ The testimony reveals that David Balon was the brother-in-law of the president of Northern. Balon testified that at times he helped Northern with its work and at other times Northern helped him with his work. Often, instead of receiving monetary compensation for this work, Northern and Balon would trade hours of work. In the present case it appears that Balon performed 100 hours worth of labor on the Froberg home. Instead of paying Balon the fair value of his labor, $1,350, Northern performed 100 hours of labor for Balon on another project. Under these circumstances the trial court committed no error in determining that Northern was entitled to $1,350 as reimbursement for the compensation made to Balon.

■ The trial court also committed no error in failing to reduce the amount of damages because certain work covered by the original verbal agreement was not performed by Northern. The evidence is clear that Northern charged the Frobergs only $2,205 for supervisory work instead of the $3,000 originally projected. There is also testimony that Northern did not charge the Frobergs for trim carpentry work which it did not do. From the testimony and exhibits it is apparent that Northern charged the Frobergs only $10,305 and not $15,000 for the work it performed under the original verbal agreement.

The Frobergs contend finally that the evidence is insufficient to establish an agreement that Northern would perform extra work on an hourly basis. The Frobergs urge that the only logical inference raised by the evidence is that Northern would perform the work at a price equal to or less than those submitted by other subcontractors.

■ The evidence is contrary to the Frobergs' assertion. Eric Goetz, president of Northern, testified that Mrs. Froberg was aware that he was billing her on an hourly basis for the extra work Northern performed. Goetz also testified that he specifically informed the Frobergs of his billing procedures at least six times. The Frobergs never refused payment of a bill until Northern's final statement was submitted. There is additional testimony that on particular jobs Goetz informed Mrs. Fro-

berg that he could not complete the work for the same amount as bid by other contractors, but instead, would bill her on an hourly basis. This testimony was corroborated by Mrs. Goetz. The evidence is sufficient to establish that the Frobergs agreed to allow Northern to perform extra services and bill them at an hourly rate.

Although the issue has not been raised by either party, it is apparent from a review of the trial court's judgment that a clerical error was made. The erroneous portion of the judgment is as follows:

"(b) That said lien shall be and is foreclosed as to the defendants in the following amounts:

| | | |
|---|---|---|
| i. | Principal | $11,282.00 |
| ii. | Court costs | 71.50 |
| iii. | Attorney fees for the plaintiff's Att. | 2,950.00 |

iv. Interest 8% per annum from April 18, 1976, to June 12, 1979, in the amount of $2,843.93 plus interest on a per diem basis subsequent to June 12, 1979, at the rate of $2.47 per day until said amount is paid.

v. Judgment in favor of the plaintiff and against the defendants is hereby awarded by the Court in the amounts specified in paragraph (iv) above on the plaintiff's claim for foreclosure of his mechanic's lien and also on plaintiff's claim for personal liability against the defendants."

Record at 51.

The trial court obviously intended to award Northern the amounts specified in paragraphs (i) through (iv) inclusive rather than in paragraph (iv) only. The cause is therefore remanded for entry of a nunc pro tunc order correcting the judgment.

For the above reasons the judgment of the trial court foreclosing the mechanic's lien and awarding attorney's fees to Northern is reversed; the judgment on Northern's complaint for personal liability and the denial of the Frobergs' counterclaim is affirmed; and the cause is remanded for proceedings consistent with this opinion.

GARRARD and STATON, JJ., concur.