Jose C. **TORRES** and Mariana R. Torres, **Appellants-Defendants,**

v.

**MEYER PAVING COMPANY,** Newcomer's Beech Grove Lumber Company, **Appellees-Plaintiffs.**

No. 1–680A152.

Court of Appeals of Indiana, First District.

July 23, 1981.

Rehearing Denied August 31, 1981.

Leonard Opperman, Hopper & Opperman, Indianapolis, for appellants-defendants.

Donald R. Forrest, New Albany, for appellee-plaintiff Meyer Paving Co.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Jose and Mariana Torres (Torreses) appeal from the judgment of the Floyd Superior Court which found a valid mechanic's lien in favor of Meyer Paving Company (Meyer) and ordered the foreclosure of Meyer's lien. We reverse.

## STATEMENT OF THE FACTS

The Torreses are owners of real estate located in Clark County, Indiana. They decided to build a Seven-Eleven convenience food store on their property and entered into a construction contract with Winston Hawkins d/b/a Hawkins Construction Company (Hawkins). The construction contract was signed at Dr. Torres' office on September 21, 1978. At the same time, the Torreses and Hawkins signed a no-lien agreement which was properly recorded on September 26, 1978.

Hawkins contacted Meyer about submitting a bid to construct a parking lot at the Seven-Eleven store located on Torreses' property. On March 29, 1979, Hawkins and Meyer entered into a contract whereby Meyer was to construct a parking lot for the price of seven thousand nine hundred and fifty-five dollars. The majority of the work for construction of the parking lot was completed on April 26, 1979. However, on or about May 19, 1979, the striping of the lot, the installation of curbing, and mi-

nor repair work were done by a subcontractor for Meyer. Meyer received no payment for the work which he performed at Torres' property, and consequently, he filed a mechanic's lien against the property on July 29, 1979. The trial court on March 4, 1980, entered judgment in this action brought by Meyer. The trial court found that Meyer had a valid mechanic's lien and ordered foreclosure of the lien. In addition, the Torreses were ordered to pay Meyer's attorney's fees.

### ISSUES

The Torreses raise the following issues, which we have restated, for our consideration:

1. Whether the trial court erred in determining that the no-lien agreement was invalid.

2. Whether Meyer timely filed his mechanic's lien.

3. Whether the trial court erred in awarding Meyer attorney's fees.

### DECISION

■ Before considering the contentions of the parties, we note that the judgment in this case arose after a trial by the court. Accordingly, we may not set aside the judgment of the trial court unless it is clearly erroneous. *Central Indiana Carpenters Welfare Fund v. Ellis*, (1980) Ind.App., 412 N.E.2d 865. We will affirm the judgment of the trial court if it can be sustained by any legal theory supported by the evidence. *Id.*

■ Pursuant to Ind.Code 32–8–3–1, a subcontractor's mechanic's lien may be waived by a provision in the contract between the contractor and owner. IC 32–8–3–1 provides in part:

"....

"No provision or stipulation in the contract of the owner and principal contractor that no lien shall attach to the real estate, building, structure or any other improvement of the owner shall be valid against subcontractors, mechanics, journeymen, laborers or persons performing labor upon or furnishing materials or machinery for such property or improvement of the owner, unless the contract containing such provision or stipulation shall be in writing, and shall contain specific reference, by legal description of the real estate to be improved and shall be acknowledged as provided in case of deeds and filed and recorded in the recorder's office of the county in which such real estate, building, structure or other improvement is situated not more than five (5) days after the date of execution of such contract."

In order for such a provision or stipulation to be valid, the contract in which it is contained must be supported by consideration. *Ramsey v. People Trust & Savings Bank*, (1970) 148 Ind.App. 167, 264 N.E.2d 111.

In the present case, the Torreses and Hawkins executed a no-lien agreement at the same time when they executed the construction contract. This no-lien agreement stated in part:

"....

"NOW THEREFORE, in consideration of the premises and the mutual covenants contained herein, the parties enter into the following:

### "NO-LIEN AGREEMENT

"1. The parties hereto acknowledge that they have this date entered into an agreement whereby Owner has employed Contractor as general contractor for the purpose of performing all work and labor necessary in connection with the construction of the 'Property' and all in accordance with plans and specifications hereinabove described. As is more fully set forth in said definitive contract, Owner shall pay to contractor for the full performance of said contract, a maximum sum of $74,114.00, the the [sic] manner and at the times therein more fully described; and Contractor shall furnish for said improvements all labor, materials, and incidental services as specified in said definitive contract and in conformity with all the provisions thereof.

"2. The parties agree that all of the work to be performed by Contractor is to be performed under a No-Lien Agreement pursuant to IC 32–8–3–1, and it is agreed that there shall be no liens filed against the said 'Property' by Contractor or any of its employees or subcontractors, or any mechanic, journeyman, laborer or person performing labor upon or furnishing materials and machinery for the work performed upon the said property."

The Torreses argue the trial court erred in finding Meyer's lien was valid because his lien was waived by the execution and recording of the no-lien agreement. Meyer, on the other hand, argues that the no-lien agreement is not supported by consideration and thus is void. Therefore, the issue before us which must be resolved is whether there is consideration for the no-lien agreement.

■ Meyer contends the language in the no-lien agreement that "NOW THEREFORE, in consideration of the premises and the mutual covenants contained herein, the parties enter into the following:" does not constitute consideration and cites us to *Urbanational Developers, Inc. v. Shamrock Engineering, Inc.*, (1978) Ind.App., 372 N.E.2d 742, *trans. denied.* In *Urbanational,* the "No-Lien Agreement," which was executed on the same day as the construction contract provided that " 'in consideration of the premises and the mutual convenants contained herein, the parties hereto agree as follows." *Id.* at 753. The trial court had found the "No-Lien Agreement" lacked consideration, and upon appeal, the appellants challenged this finding. In discussing whether the "No-Lien Agreement" *expressly* set forth consideration, Judge Hoffman stated at 372 N.E.2d at 753–754:

"In the case at bar, the 'No-Lien Agreement' did not expressly incorporate the consideration supporting the general contract into the no-lien contract. The 'No-Lien Agreement' provided that 'in consideration of the premises and the mutual covenants contained herein, the parties hereto agree as follows.' The 'premises' merely indicates the status of the

parties as owner and general contractor and states their desire of entering into a no-lien contract. The 'mutual covenants contained herein' consists of a promise by the contractor to waive his lien rights for himself and for his subcontractors, but it contains no return promise from the owner."

We agree with Judge Hoffman that such language does not expressly set forth consideration.

■ The Torreses, however, argue that it is not necessary for both agreements to state separate consideration. We agree. It has long been recognized in Indiana that in the absence of anything to indicate a contrary intention, when writings are executed at the same time and relate to the same transaction or subject matter, they must be construed together in determining the contract. *Knepper v. Eggiman,* (1912) 177 Ind. 56, 97 N.E. 161; *Schmueckle v. Waters,* (1890) 125 Ind. 265, 25 N.E. 281; *McGann & Marsh Co. v. K & F Mfg. Co.,* (1979) Ind. App., 385 N.E.2d 1183, *trans. den.; Urbanational Developers, Inc. v. Shamrock Engineering, Inc., supra; Cline v. Union Trust Co.,* (1934) 99 Ind.App. 296, 189 N.E. 643, *trans. denied; Baker v. Gordon,* (1960) 130 Ind.App. 585, 164 N.E.2d 118, *trans. denied.* Furthermore, the consideration for one instrument may be found in a contemporaneous instrument. *McGann & Marsh Co. v. K & F Mfg. Co., supra; Urbanational Developers, Inc. v. Shamrock Engineering, Inc., supra; Accord, Berke v. Bregman,* (1962) 406 Pa. 142, 176 A.2d 644; *Lawrence v. Tandy & Allen, Inc.,* (1953) 14 N.J. 1, 100 A.2d 891; *Stevens Point Motor Co. v. Stevens Point Sales, Inc.,* (1946) 249 Wis. 250, 24 N.W.2d 625; *Skinner v. Skinner,* (1928) 126 Kan. 601, 270 P. 594; *People's Cleaning & Dyeing Co. v. Share,* (1926) 168 Minn. 474, 210 N.W. 397.

■ Meyer asserts that these rules of construction should not be applied in the present case. First, he states that the provisions of the no-lien agreement are broader and more encompassing than the provisions of Article 19 of the construction contract which provides:

"NO LIEN CONTRACT AND
WAIVER OF LIENS

"1. The CONTRACTOR shall permit no liens for work, labor or materials furnished or performed by any sub-contractor or any other person, firm or corporation furnishing labor or materials to be used in the erection and construction, to be filed against the property. The CONTRACTOR shall cause this Contract to be filed with the Recorder of the county in which this real estate is located within the time required by state law.

"2. The final payment under Article 6, Final Payment, shall not be due until the CONTRACTOR has delivered to the · PRINCIPAL an affidavit stating that all bills and obligations incurred in the construction have been paid in full and that no liens have been filed and that no liens are expected to be filed, said affidavit covering labor, materials and equipment."

Thus, he contends, the trial court was well within the facts and the law in holding the no-lien agreement void for lack of consideration and cites us to *Urbanational Developers, Inc. v. Shamrock Engineering, Inc., supra.* While it is true that in *Urbanational* this court found the "No-Lien Agreement" to be more encompassing than the language in the general construction contract and implied that those facts were to be considered in the determination of whether the two instruments were to be construed together upon remand, the determination of whether two instruments will be construed together depends upon the facts of each case. Unless there is a contrary intention, the instruments will be construed together. *McGann & Marsh Co. v. K & F Mfg. Co., supra.*

▮ Assuming that the no-lien agreement in the present case is more encompassing than the construction contract as was true in *Urbanational,* we do not find those facts sufficient to present an intention that the no-lien agreement was an independent contract which was not to be construed with the construction contract. Both agreements were executed by the same parties together on September 21,

1978, and involved the same transaction. Furthermore, the no-lien agreement makes extensive reference to the construction contract and sets out the amount of consideration to have been paid by the Torreses for the full performance of the construction contract by Hawkins. Such an explicit reference in the no-lien agreement to the construction contract and the duties of each party under the construction contract was not present in *Urbanational Developers, Inc. v. Shamrock Engineering, Inc., supra.* Furthermore, such an explicit reference shows that the intention of the parties was that the work to be performed under the construction contract was to be performed under a no-lien agreement and that the consideration for the construction contract was consideration for the no-lien agreement.

Meyer, however, argues that all necessary elements of the building agreement were set forth in the general construction contract and thus, the two agreements do not have to be construed together to find the entire agreement of the parties as was necessary in *McGann & Marsh Co. v. K & F Mfg. Co., supra.* To support this argument, Meyer quotes Article 7 of the construction contract which states:

"CONTRACT DOCUMENTS

"1. The Contract includes the agreement and its general conditions, the drawings and the specifications. Two or more copies of each, as required, shall be signed by both parties and one signed copy of each retained by each party. These documents are to be considered as one and whatever is called for by one of the documents shall be as binding as if called for by all of the documents.

"2. The intent of these documents is to include all labor, materials, equipment and services of every kind necessary for the proper execution of the work, and the terms and conditions of payment therefor."

We do not find this argument sufficiently persuasive to forestall the application of the rule that writings executed at the same

time and relating to the same transaction or subject matter are construed together in determining the contract. At the most, Article 7 of the construction contract indicates a contrary intention to application of the rule of construction involved here. However, this intention that the construction contract is *the* contract is contrary to the provisions of the no-lien agreement which provide that all of the work to be performed under the construction contract was to be performed pursuant to a no-lien agreement. Thus, we are left with an ambiguity as to whether the parties did not intend for the two agreements to be construed together.

In determining the intention of the parties, the court may consider the situation of the parties, their motives in dealing with each other, and the object sought to be accomplished. *Coleman v. Chapman,* (1966) 139 Ind.App. 385, 220 N.E.2d 285; *Stahl v. Illinois Oil Co.,* (1910) 45 Ind.App. 211, 90 N.E. 632. These surrounding circumstances may be examined only if the written instrument is ambiguous. *Morse v. Morse,* (1940) 108 Ind.App. 140, 27 N.E.2d 392. In the present case, it is alleged the two instruments constitute the contract. Upon examination of these two instruments, we have found an ambiguity as to whether they are to be construed together. Therefore, an examination of the situation of the parties, their motive to be sought, and the object sought to be accomplished is necessary.

Dr. Torres testified that he did not know anything about the construction of a store so he solicited assistance from John Housefield (Housefield) who works for Steveco Corp., the owner of the Seven-Eleven franchise. Housefield recommended Hawkins to Torreses and provided Torreses with the construction contract and no-lien agreement, which had been drafted by Steveco's attorney. Although the Torreses did not have to use the forms provided, Housefield stated that it was Steveco's policy to have a builder execute a no-lien agreement. Further, Housefield stated that he recommended to Torreses to have the no-lien agreement signed and recorded.

From these facts it is clear that Dr. Torres relied upon the advice of Housefield in negotiating the contract between himself and Hawkins; that it was recommended that Hawkins sign a no-lien agreement; and that Torres followed this recommendation by Housefield by having the no-lien agreement executed and recorded. It seems clear to us that the parties intended for the no-lien agreement to be a part of the agreement for the construction of the Seven-Eleven store. Therefore, the trial court erroneously failed to apply the rule of construction that two contemporaneous documents dealing with the same subject matter will be construed together.

Since we are reversing on this issue and finding that Meyer's lien has been waived by the properly recorded no-lien agreement, we will not discuss the other issues.

Judgment reversed.

NEAL, P. J., and ROBERTSON, J., concur.