**CAREY CONCRETE CORPORATION d/b/a Brazil Concrete, An Indiana Corporation, Plaintiff–Appellant,**

v.

**FAMILY DOLLAR STORES OF INDIANA, INC., An Indiana Corp., Wesley Vansickle d/b/a Vansickle Construction, Ceco Corporation, Ceco Buildings Div., Ketner & Sons Electric, Inc., B & S Plumbing & Heating, Inc., Billie R. McCullough as Treasurer of Clay County, Indiana, Defendants–Appellees.**

No. 11A01–8904–CV–132.

Court of Appeals of Indiana,
First District.

Aug. 28, 1989.

Kristi M. Buechler, Brazil, Ind., for plaintiff-appellant.

Joanne B. Friedmeyer, Jeffrey R. Gaither, Klineman, Rose, Wolf and Wallack, Indianapolis, for defendants-appellees.

BAKER, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellant, Carey Concrete Corporation (Carey), appeals the trial court's judgment in favor of defendant-appellee, Family Dollar Stores of Indiana, Inc. (Family Dollar).

We affirm.

### STATEMENT OF THE FACTS

Family Dollar owns two adjacent parcels of real estate located at 250 and 260 East National Avenue, Brazil, Indiana. On September 9, 1987, Family Dollar and Convestco, Inc., entered into a contract for the construction of a retail store on the properties. The contract contained a no-lien provision which read: "no lien of contractor or any subcontractor, mechanics, journeymen, laborers, or any other persons performing labor or furnishing materials or machinery shall attach to or be valid against the improvements, building, structure of aforesaid real estate of owner." *Record* at 20. Pursuant to IND. CODE 32–8–2–1, Family Dollar duly filed and recorded the contract in the Clay County Recorder's office on September 9, 1987.

Subsequently, Convestco and Carey entered into a subcontract whereby Carey furnished $13,423.65 worth of materials to the construction site. Carey, however, never received any payment for the materials. Thereafter, Carey timely filed its Notice of Intent to Hold Lien. After failing to receive payment, Carey filed its complaint to foreclose the mechanic's lien. At trial, Carey argued that the no-lien provision was invalid because the no-lien contract contained an insufficient legal description of the properties. Following a trial on stipulated facts, the trial court held that the no-lien provision precluded Carey from foreclosing its mechanic's lien, and entered judgment for Family Dollar. Carey now appeals.

## ISSUE

Carey presents the following issue for our review:

Whether the trial court erred in concluding that the no-lien contract provision was valid.

## DISCUSSION AND DECISION

Indiana law authorizes property owners and general contractors to use no-lien contracts to waive the lien rights of subcontractors and other materialmen. IND. CODE 32–8–3–1; *Torres v. Meyer Paving Co.* (1981), 423 N.E.2d 692, *trans. denied.* Once the no-lien contract has been properly recorded, materialmen, such as Carey, are precluded from enforcing a mechanic's lien. IND.CODE 32–8–3–1 provides in pertinent part:

No provision or stipulation in the contract of the owner and principal contractor that no lien shall attach to the real estate, building structure or any other improvement of the owner shall be valid against subcontractors, mechanics, journeymen, laborers or persons performing labor upon or furnishing materials or machinery for such property or improvement of the owner, unless the contract containing such provision or stipulation shall be in writing, and shall contain specific reference, by legal description of the real estate to be improved and shall be acknowledged as provided in case of deeds and filed and recorded in the recorder's office of the county in which such real estate, building, structure or other improvement is situated not more than five (5) days after the date of execution of such contract. The contract herein provided for shall be without effect upon labor, material or machinery supplied prior to the time of the filing with the recorder of said contract. The recorder shall record such contract at length in the order of time of its reception in books provided by him for that purpose, and the recorder shall index the same in the name of the contractor and in the name of the owner, in books kept for that purpose, and said recorder shall receive therefor a fee such as is provided for the recording of deeds and mortgages in his office.

Carey argues that the trial court erred in finding that the no-lien contract barred enforcement of the mechanic's lien. Specifically, Carey claims that Family Dollar failed to meet the statutory recording requirements ·because the contract did not contain a complete legal description of both real estate parcels involved as required by IND.CODE 32–8–3–1. As a result of the alleged deficient recordation, Carey asserts that the no-lien provision of the contract must fail.

Indiana courts have held that no-lien contracts are not negated by a mere deficiency in legal descriptions. *See Clarage v. Palace Theatre Corp.* (1929), 95 Ind.App. 443, 165 N.E. 550. In *Clarage*, the court held that the description of the real estate involved in a no-lien contract was adequate where the description read, "the northwest corner of Michigan Street and Colfax Avenue." *Id* at 445, 165 N.E. at 550. Although the statute regarding no-lien contracts has been revised since the *Clarage* decision, the court's reasoning is still applicable. There, the court stated:

We are of the opinion that the contract between the owner and the contractor clearly shows that it was the intention of the parties that there should be no liens on the building, and that the contractor, for himself and for all others furnishing labor or material for the construction of the building to such contract or any subcontractor, effectually waived the right to any lien on the property, and that appellant is bound by that waiver.

The description of the property as set out in the contract was sufficient to give appellant notice of the real estate on which the building mentioned in the contract was to be erected.

*Id.* at 449, 165 N.E.2d at 552.

Indiana courts recognize a distinction between descriptions which are radically and incurably uncertain and those which, by the means referred to, may be rendered definite and certain. *White v. Stanton* (1887), 111 Ind. 526, 13 N.E. 48. In the present case, the no-lien contract described the

main parcel of land as the "Lot numbered twenty (20) in Lamber Heirs Addition to the City of Brazil, Indiana, also known as 250 East National Avenue, Brazil, Indiana." *Record* at 179. Although the no-lien contract did not contain a legal description of the adjoining, second parcel, the contract did identify the second parcel as Family Dollar Store, 260 East National Avenue, Brazil, Indiana. *Record* at 179. Thus, the no-lien contract provided a legal description of the main parcel and the street addresses of both parcels. This description was definite and certain, and sufficient to constitute constructive notice satisfying the statutory requirements of IND. CODE 32–8–3–1.

Additionally, we note that it is uncontested that there is only one Family Dollar Store in Brazil, Indiana, and that Carey identified the location as "Family Dollar Store" in its own business records. *Record* at 33. Further, Carey's notice of intent to hold mechanic's lien was directed to Family Dollar at 260 East National Avenue, yet gives the common address of the property as 250 East National Avenue. Also Carey states in its complaint that the materials were delivered by 260 East National Avenue. *Record* at 8. Carey used the street addresses interchangeably to identify the Family Dollar work site. Therefore, Carey had actual knowledge that the Family Dollar Store was being constructed on two adjoining parcels of real estate, one of which was legally described in the no-lien contract.

Carey argues, however; that an otherwise valid no-lien contract which does not contain the legal description of the property as required by statute is not enforceable against materialmen regardless of their actions or knowledge. Carey cites *Hutton v. McGuire* (1928), 88 Ind.App. 163, 161 N.E. 648, and *Lenhart v. Grace Construction & Supply Co.* (1950), 120 Ind.App. 41, 89 N.E.2d 627, in support of its position. We find these cases unpersuasive.

In *Hutton,* the property owner failed to have the no-lien contract acknowledged before recording. The court held that the omission of the acknowledgment precluded the enforcement of the no-lien provision. *Hutton* differs from the present case, however. There, the property owner completely omitted a recording requirement. In the present case, all the recording requirements are present and the sole issue concerns the sufficiency of the legal descriptions of the properties.

Carey also relies upon *Lenhart.* We find *Lenhart* wholly inapplicable to the present facts, however. There, the court addressed issues concerning (1) the form of a corporate acknowledgment, and (2) the omission of certain plans and specifications when recording the no-lien contract. These issues are not before us in the present appeal.

Furthermore, assuming arguendo that the legal description was insufficient, the particular procedure employed by the Clay County Recorder reduces the likelihood that a subcontractor would be prejudiced by an alleged insufficient legal description. In Clay County no-lien contracts are not recorded according to legal descriptions. Rather, they are recorded by the name of the property owners as required by IND. CODE 32–8–3–1. As a result, a person must know the name of the property owner to find a recorded no-lien contract. Once a person knows the property owner's name, a legal description allows that person to differentiate between no-lien contracts recorded by the same property owner.

In the present case, Carey knew that Family Dollar owned the property. Further, Carey was aware that the construction was being performed on two adjoining parcels of real estate at 250 and 260 East National Avenue. Knowing the name of the property owner and the street addresses of the parcels, Carey had sufficient knowledge to locate the no-lien contract. Therefore, Carey could not have been prejudiced by any alleged deficiency in the legal description.

Finally, Carey asserts that Family Dollar has been unjustly enriched. However, Carey failed to raise this argument at the trial court level. Where an appellant raises an issue for the first time on appeal, the issue is not properly before us. *Rogers v. Rog-*

*ers* (1982), Ind.App., 437 N.E.2d 92. Therefore, Carey has waived any claim concerning unjust enrichment. In any event, unjust enrichment would require enrichment without payment. There is no evidence in the record that Family Dollar did not tender payment to Convestco for the improvements made by Carey. Without such evidence, any claim of unjust enrichment must fail. Thus, the claim for unjust enrichment is neither supported by the evidence nor properly preserved for appeal.

Judgment affirmed.

RATLIFF, C.J., concurs.

GARRARD, P.J., concurs and dissents with opinion.

GARRARD, Presiding Judge, concurring and dissenting.

I concur with the majority except for its dictum that even if the description of the property was insufficient Carey could not have been prejudiced so long as the contract was recorded and indexed by the owner's name.

I believe to defeat a subcontractor's lien rights on that basis is not only contrary to the express language of IC 32–8–3–1 but is contrary to the well established law of record notice. Record notice is, after all, not a form of actual notice. Indeed, its purpose is to provide the effect of notification through proper public recording despite the total absence of actual notice.

The majority asserts that Carey, by looking at the record, could have pursued it to acquire actual knowledge. It is, however, equally likely that had Carey's attorney searched the record and seen a contract that wholly failed to describe the real estate, he would have concluded it had no legal impact and might well have failed to alarm Carey in time for it to protect itself from the failure of the general contractor to meet its obligations.

In all other respects I concur.